UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY CARE PLUS PHARMACY LLC D/B/A/ HEAL THE WORLD PHARMACY; NABILA CHAUDHARY;** QAISER CHAUDHARY; and HAMZA CHAUDHARY<br><br>Defendants. | Case No. 25-CV-1469(RER)(RML)<br><br>**FILED UNDER SEAL**<br>**PURSUANT TO 15 U.S.C. §1116(d)** |

**DEFENDANTS' INITIAL RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR THE COURT TO ENTER AN ORDER TO SHOW CAUSE**

Defendants City Care Plus Pharmacy LLC d/b/a Heal the World Pharmacy ("Pharmacy"), Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively "Defendants") by and through their attorneys, Trenk Isabel Siddiqi and Shahdanian, P.C., hereby provide the following to the Court in response to Gilead Sciences, Inc., et al.'s request for the Court to enter an Order to Show Cause.

PRELIMINARY STATEMENT

Most of the information in this Report was previously provided to Gilead Sciences Inc. ("Gilead") on Friday April 4, 2025, although Gilead claims in its Order to Show Cause ("OTSC") submission that Defendants failed to comply with the Court's Order and provided no information. This is not true. Defendants provided information responsive to the requirements of the Court's Orders, and to the extent that Gilead had any issues with the information provided, Gilead could

have written to or called Defendants' counsel to address any issues. Rather than engage counsel in an attempt to resolve any issues, Gilead immediately filed an OTSC application. Defendants, upon receipt of Gilead's submission of its OTSC, had their Counsel contact Gilead to request to confer with Gilead's Counsel. Gilead's Counsel immediately refused to meet and confer, choosing instead to proceed with this OTSC. For the reasons set forth herein, Defendants respectfully ask this Court to not enter Gilead's OTSC. If, after this submission, Gilead remains unsatisfied with Defendant's' response, the Court should require Gilead's counsel to meet and confer with Defendants' counsel to try to resolve any outstanding issues.

1. **Defendants' provide the following in compliance with requirements of the**

Asset Freeze Order

The Asset Freeze Order requires Defendants to provide:

a. a list of all assets held by, for, or on account of each Defendant, including any account for which they have signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance.

**Defendants' Response: See charts below. Please note that all of the accounts listed are known to Gilead as all of them were frozen pursuant to the Asset Freeze Order. Please also see Exhibits 1, 2, 3 and 4 which are Asset and Liability Charts for each named Defendant. (these were previously provided to Gilead).**

b. a list of all real properties the Defendant owns or in which they presently have a legal interest; and

**Defendants' Response: None.**

c. a list of all real properties the Defendant previously owned or in which they previously had a legal interest from March 19, 2022 to the present.

**Defendants' Response: None.**

**Bank Asset Charts**

1. The asset freeze froze three accounts in Qaiser Chaudhary's personal name:

| INSTITUTION NAME | ACCOUNT HOLDER/SIGNATORY | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| T.D BANK | QAISER CHAUDHARY AND NABILA CHAUDHARY Personal Account | xxxxxx8334 | $16,000 |
| BANK OF AMERICA | QAISER CHAUDHARY Personal Account | xxxxxxxxx9833 | $1,000 |
| CITI BANK | QAISER CHAUDHARY Personal Account (This should be the unfrozen account) | xxxxxa4859 | *$2,300 (This balance should have changed due to agreement transfer funds from Citi Bank Account xxxxxx6551 |

Further, each Defendant previously provided Gilead with a separate asset and liability chart, listing the type of asset, its approximate value, and liabilities, with an estimated net worth figure provided.

2. The asset freeze froze two accounts in Hamza Chaudhary's personal name:

| INSTITUTION NAME | ACCOUNT HOLDER/SIGNATORY | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| CHASE | HAMZA CHAUDHARY Personal Account | xxxxx1197 | $3,000 |
| CITI BANK | HAMZA | | $47,000 |

| | CHAUDHARY Personal Account | | |
|---|---|---|---|

3. The asset freeze froze two Pharmacy accounts:

| INSTITUTION NAME | ACCOUNT HOLDER | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| CITI BANK | CITY PLUS CARE Pharmacy Account Authorized signatory: Shumaila Arslan, President | xxxxxxx6551 | $57,000* *Should be reduced due to subsequent Order transferring funds |
| T.D BANK | CITY PLUS CARE Pharmacy Account Authorized signatory: Shumaila Arslan, President | xxxxxx5304 | $55,000 |

2. **Defendants' provide the following in compliance with the Court's Seizure Order**:

The Seizure Order provides:

"Defendants shall disclose to Gilead's attorneys and investigators the following information concerning their purchases and/or sales of any product bearing any of the Gilead Marks product <u>from March 19, 2022 to the present</u>":

(1) <u>the Drug Supply Chain Security Act pedigree documentation;</u>

**Defendants' Response: The Pharmacy has produced documents it has identified that are responsive to this paragrtaph. This includes Gilead invoices/reports from McKesson, Cardinal, and Paisa Pharmacy. Only one of those entities (Paisa Pharmacy) is a Non-Authorized Manufacturer Wholesaler. The remaining two entities (Cardinal and**

4

**McKesson) are Gilead Authorized Wholesalers. Only three (3) bottles were purchased from Paisa Pharmacy, the sole Non-Manufacturer Authorized Wholesaler identified by the Pharmacy. The reports from McKesson and Cardinal include:**

   **1. The invoice number;**

   **2. The National Drug Code associated with the purchase;**

   **3. The Name of the Medication along with the strength;**

   **4. The Quantity Ordered;**

   **5. The Quantity shipped/ received by the Pharmacy; and**

   **6. The price of the product.**

   **Defendants note that the reports from McKesson and Cardinal were produced by the respective wholesalers, and account for purchases thus far identified by the Pharmacy and which were available to the Pharmacy at the time of the audited period. The Paisa Pharmacy records also reflect the name of the entity and contact information for the entity from which the Pharmacy made the purchases.**

    (2) the price and quantity of each purchase or sale;

**Defendants 'Response:  See Number 1 above.**

    (3) the product, including the specific type or variety of product;

**Defendants' Response: See Number 1 above.**

    (4) the lot numbers;

**Defendants' Response:  This information is not available to the Pharmacy.**

    (5) the contact information, including names, addresses, email addresses, and telephone numbers of all associated individuals and/or companies from which Defendants have purchased or to whom Defendants sold the products.

5

**Defendants' Response:** See Number 1 above

(6) a <u>summary document or documents giving the location or locations of any merchandise bearing any of the Gilead Marks that is in the possession, custody, or control of any of the Defendants so that merchandise can be seized pursuant to this Order</u>.

**Defendants' Response: There is no location other than the one store address for the Pharmacy at 161-45 Baisley Blvd, Jamaica, New York 11434, where Gilead has already seized all of the merchandise pursuant to the Seizure Order.**

## Conclusion

Based upon the above, and the previously provided information to Gilead, Defendants respectfully ask the Court to not enter the OTSC as this matter is resolved. Should Gilead disagree, Defendants remain available to meet and confer with Gilead's counsel to discuss any issues.

Respectfully submitted,

***Mark Moon, Esq.***
Mark Moon, Esq.
Trenk Isabel Siddiqi & Shahdanian P.C.
50 Broadway
Suite 1000
New York, NY 10004

Dated: April 9, 2025