# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY CARE PLUS PHARMACY LLC D/B/A/ HEAL THE WORLD PHARMACY; NABILA CHAUDHARY; QAISER CHAUDHARY; and HAMZA CHAUDHARY<br><br>Defendants. | Case No. 25-CV-1469(RER)(RML)<br><br><br>FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. §1116(d) |

---

## DEFENDANTS' MEMORANDUM:

1.  **IN OPPOSITION TO THE PLAINTIFFS' ORDER TO SHOW CASUE SEEKING TO CONVERT THE TEMPORARY RESTRAINTS INTO A PRELIMINARY INJUNCTION,**

2.  **IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO LIFT THE ASSET FREEZE ORDER RELATING TO ACCOUNTS CRITICAL TO ONGOING BUSINESS, AND PERSONAL ACCOUNTS UNRELATED TO THE SUBJECT MATTER OF THIS LITIGATION,**

**AND**

3.  **AS A SUR-REPLY TO PLAINTIFFS' ORDER TO SHOW CAUSE SEEKING CONTEMPT FOR DEFENDANTS' FAILURE TO COMPLY WITH THE SEIZURE AND ASSET FREEZE ORDERS**

---

## PRELIMINARY STATEMENT

Defendants City Plus Care Pharmacy[1] LLC d/b/a Heal the World Pharmacy ("Pharmacy"), Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively "Defendants") by and through their attorneys, Trenk Isabel Siddiqi and Shahdanian, P.C., requests that this Court (1) lift, vacate, or otherwise modify the Temporary Restraints entered by the Court in its March 17, 2025 ORDER, and, (2) on an emergency basis, lift, vacate, or otherwise modify and Asset Freeze Order (the Asset Freeze Order" ) [ECF #18] entered against them by this Court on March 17, 2025 and modified on March 27, 2025 with respect to the personal accounts of Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary, and the Pharmacy business accounts, and (3) deny Plaintiffs' request for the Court to enter an Order to Show Cause seeking sanctions against Defendants.

**The Emergency Motion:** Defendants make this emergency motion to unfreeze assets in a good faith attempt to save their business from financial ruin, to allow the individuals to access personal funds to use to live (pay bills, buy food) and to otherwise permit the individuals named to access their personal funds which are unrelated to the subject matter of this litigation.

**Defendants' Opposition to the Initial Order to Show Cause and the Continuation of Temporary Restraints:** Defendants file this opposition to the Order to Show Cause temporary restraints to seek relief from the Temporary Restraints to allow them, pending a final resolution of this matter, to purchase Gilead branded products solely and exclusively from Gilead authorized distributors, and to disburse those same products in the normal course of their business.

Defendants request that the Court modify the Asset Freeze Order to reflect the estimated adjusted income from possible purchases from Non-Manufacturer Authorized Wholesalers weighted gross profit of $80,188.36. Defendants assert that by freezing assets in excess of that

---

[1] The correct name of the Pharmacy is "City Plus Care Pharmacy Inc." It has been improperly named as "City Care Plus Pharmacy LLC".

2

amount ($80,188.36) is inappropriate to satisfy any potential judgment for monetary damages as prescribed by the Lanham Act. Without waiving any rights or remedies, and expressly not admitting any facts or circumstances alleged by Plaintiffs, Defendants are willing to remit the full $80,188.36 to this Court as the preserved funds which may be used to satisfy any such judgment against them.

Beyond the $80,188.36, all of the remaining funds in Defendants' personal and business accounts should be unfrozen in order to permit Defendants to continue to operate their Pharmacy and go about their lives free of unnecessary restraint.  If this Emergency Motion is not immediately granted, Defendants will likely be forced to cease operating their Pharmacy within days, resulting in employee layoffs, and the destruction of a local business that serves its community as a source of prescriptions that many local patients rely on. Indeed, from the records provided, Gilead products sold by the Pharmacy constitute only about 5% or less of the Pharmacy's business.  The purpose of the Asset Freeze Order will remain unaffected by permitting the remaining funds in Defendants accounts to be released.

Defendants will submit a proposed order to have the maximum potential damages relating to the allegations in this case deposited into Court demonstrates their willingness to cooperate and work with Plaintiffs, abide by Court rulings, and ensure compliance with all applicable laws and regulations.

**Defendants' Response to Plaintiffs' Order to Show Cause Seeking Contempt for Defendants' Failure to Comply with the Seizure and Asset Freeze Orders:** Defendants on this day are sending Plaintiffs' counsel additional documents and information responsive to the requirements of the Court's Orders. Defendants have requested Plaintiffs to withdraw this Order to Show Cause request.

3

## BACKGROUND

On March 17, 2025, the Court granted and entered an Asset Freeze Order against Defendants upon the *ex parte* application of Plaintiffs. The Order froze and restrained the balance of "all assets held by, for, or on account of any of the Defendants." This included every personal account of each of the named Defendants.  On March 27, 2025, in an effort to afford interim relief from the Asset Freeze Order, Plaintiffs and Defendants entered into a Stipulation and Order partially lifting the Asset Freeze Order ("Stipulation").[2] As part of this Stipulation, Plaintiffs agreed to the release of $32,700.00 from the Pharmacy's frozen Citi Bank account ending in 6551 and transfer those funds to defendant Qaiser Chaudhary's personal account ending in 4859. This Stipulation allowed for the individual Defendants to continue to maintain in some part their personal financial obligations, such as rent payments, car payments, and every-day living expenses, but only for about two weeks. That two weeks has passed, and Defendants are in a financial crisis. The Stipulation permitted some of the funds transferred to Qaiser Chaudhary to be utilized to continue operating the Pharmacy, again, for only a very short period of time, as Pharmacy bills for on-going operation continue to come due an past due, and other pharmaceutical suppliers have ceased deliveries to the Pharmacy due to the Pharmacy's inability to pay for the purchases.

Under the Asset Freeze Order, as modified, there are currently nine accounts for Defendants with frozen funds.[3] This represents two accounts for the Pharmacy, two personal

---

[2] In the Stipulation, the parties did not agree that there was any liability or findings of fact and reserved all rights, remedies, and defenses.

[3] Defendants Qaiser Chaudhary and Nabila Chaudhary have provided updated information to Gilead about three brokerage accounts which were not included in the original chart provided to Gilead.  Gilead appears to be claiming that these defendants concealed these assets from disclosure, but in fact they did not. Gilead knew about these accounts because these three accounts had also been frozen by the asset freeze order, and were not being discussed among the parties during the

4

accounts for Hamza Chaudhary, and five accounts for Qaiser and Nabila Chaudhary.

1. **Hamza Chaudhary**:

Defendant Hamza Chaudhary is not an owner of the Pharmacy, and his accounts should not be subject to the Asset Freeze Order. See Hamza Chaudhary Declaration. Gilead's initial papers in support of its *ex parte* application for the seizure order and asset freeze name Hamza Chaudhary in this lawsuit. Gilead's allegations of him being an "owner" is based upon speculation. Gilead states in its Memorandum of Law in Support of Plaintiffs' Motions for Ex Parte Seizure Order, Temporary Restraining Order, Asset Freeze Order, Expedited Discovery Order and Order to Show Cause for a Preliminary Injunction ("PMOL") states on page 12 that "Hamza Chaudhary, does not appear on any public record filing for eh company…". Nevertheless, Gilead bases it inclusion of Hamza as a defendant based upon an internet Yelp page listing Hamza as an owner of the Pharmacy, and on some alleged telephone calls to the Pharmacy where the affiant claims someone named Hamza identified himself as the owner. These are not public records or official records.

Pursuant to the Declarations from Qaiser Chaudhary and Hamza Chaudhary, Hamza has no ownership interest in the Pharmacy, has never had any ownership interest in the Pharmacy, and the only relationship he maintains with the Pharmacy is as an employee with the title of technician. He is a W-2 employee. See Hamza Chaudhary Declaration, Exhibit A.

It is in the interest of justice that Hamza Chaudhary's two accounts be unfrozen. He uses those funds for personal matters only, including supporting his wife, who does not work, paying for everyday expenses, and other related expenses such as car insurance, gas, health insurance, and

early days of this case when the focus was on trying to agree on what bank accounts (not brokerage accounts) would be unfrozen on an interim basis. Gilead knew these accounts had been frozen; defendants knew these accounts had been frozen; therefore these accounts were not concealed.

food. Hamza attaches to his Declaration just some of his financial obligations due and overdue that he cannot meet due to the asset freeze. See Hamza Chaudhary Declaration, Exhibit B. It is requested that Hamza Chaudhary's accounts be unfrozen immediately in order for him to support his family and continue to meet his everyday financial obligations.

**2. Qaiser and Nabila Chaudhary:**

At this stage of the case, these defendants ask the Court to unfreeze their personal accounts upon the depositing into Court of the amount of $80,188.36. This amount, as explained above, reflects the alleged adjusted income from possible purchases from Non-Manufacturer Authorized Wholesalers weighted gross profit $80,188.36. Unless the Court modifies the Asset Freeze Order, Qaiser and Nabila Chaudhary will be harmed by not being able to meet their personal financial obligations such as a mortgage, car insurance, gas, food, and other living expenses.

**3. The Pharmacy:**

Without the lifting of the Asset Freeze Order, as requested by this Motion, the Pharmacy will not be able to continue operating, paying its employees, or providing a value service to their community. The Pharmacy cannot at this time pay any of its bills to operate and is imminently going to have to cease operations unless it has the ability to use its accounts to conduct business. The Pharmacy will be out of business.

**4. The Pharmacy's Response to Gilead document and information demands:**

Based on records presently available to the Pharmacy, the Pharmacy purchased subject medications[4] from three (3) entities. Only one of those entities (Paisa Pharmacy) is a non-Authorized Manufacturer wholesaler. The remaining two entities (Cardinal and McKesson) are Gilead Authorized Wholesalers. Based on purchase records already obtained by the Pharmacy, we

---

[4] The subject medications are Gilead branded products.

note that over 60% of the medications have already been confirmed to have been purchased from Cardinal and McKesson. Only 3 bottles were purchased from Paisa Pharmacy, the sole non-Manufacturer authorized wholesaler identified by the Pharmacy.[5]

Reports from McKesson and Cardinal (authorized distributors) were produced by the respective wholesalers and account for purchases thus far identified by the Pharmacy and which were available to the Pharmacy at the time of the audited period. Based on this analysis, the total cost of goods was $404,401.49. During this time period, and based on information currently available to the Pharmacy, the total PRE-DIR reimbursement received by the Pharmacy for claims submitted between March 1, 2022 through March 25, 2025 was $617,102.72[6].

There are two figures associated with each of the corresponding third-party claims submitted by the Pharmacy. First, is the initial payment issued by the PBM. Second, is the DIR Fee that is recouped for the claim by the PBM. The calculations provided herein do not include the post claim DIR fee assessed by the PBM. Factoring that data would significantly reduce the gross profit for the Pharmacy. Subtracting the cost of goods from these payments/fees and adjusting the income to reflect purchases from *possible* purchases from Non-Manufacturer Authorized Wholesalers results in a weighted gross profit $80,188.36. As was stated above, Defendants, while reserving all rights and remedies, and without any admissions, propose transferring the weighted gross profits of $80,188.36 to the Court's treasury account to be held

[5] It should also be noted that the Pharmacy's business in selling Gilead branded products represents less than 5% of their total business. The vast majority of their products are not Gilead branded products. However, under this Asset Freeze Order, they are essentially precluded from operating the whole of their business, which does not even involve Gilead branded products.

[6] Initially, the pharmacy calculated a total PRE-DIR reimbursement of $626,082.72. However, upon further review, the Pharmacy identified 13 claims that were inadvertently omitted, and 13 claims that were not actually billed but inadvertently included in the initial analysis. Therefore, the overall reimbursement amount was slightly reduced.

during the pendency of this matter. All remaining funds and accounts should be unfrozen in order to permit the Pharmacy to continue operating, paying employees, and serving the community.[7]

## **LEGAL STANDARD**

Under the Lanham Act, 15 U.S.C.A. § 1116, the legal standard for granting a plaintiffs request to freeze assets is equivalent to the standard for granting injunctions. Courts unfreeze assets when (1) the asset freeze is not confined to preserving the equitable remedy of an accounting for profits; (2) the frozen assets are not linked to the profits of allegedly illegal activity; or (3) the amount frozen is in excess of the amount necessary to preserve Plaintiffs entitlement to an award of profits. Klipsch Group, Inc. v. Big Box Store Ltd., No. 12 Civ. 6283(AJN), 2012 WL 5265727, at *3 (S.D.N.Y. Oct. 24,2012) (ordering a reduction in an asset freeze from $2 million to $20,000 and concluding that assets in a PayPal account "here funds flow in and out daily and the captured funds appear to represent the proceeds of [Defendant's] myriad worldwide sales" and only a small amount of counterfeit sales, if any.).

The freezing of the personal and business accounts of Defendants conflicts with the scope of the remedy provided by the Lanham Act in that (1) Hamza Chaudhary's accounts are unrelated to the sale of any Pharmacy products at issue in this proceeding[8], (2) Qaiser and Nabila Chaudhary's accounts are not utilized for the sale of any products at issue in this proceeding, (3)

---

[7] Importantly, after the modification of the Asset Freeze Order, the Pharmacy accounts (ending in 6551 and 5304) had a total of $68,300. The full amounts remaining therein would be transferred to the Court as part of Defendant's proposal in this Motion to satisfy any potential judgments levied against them. Therefore, the remaining $15,495.50 needed to satisfy the proposed total by Defendants to be transferred to the Court as the preserved funds that may be subject to a judgment against them will come from the account of Qaiser and Nabila Chaudhary (ending in 8334). This proposal would leave Qaiser and Nabila Chaudhary with approximately $36,000 in order to run the Pharmacy and meet their personal financial obligations.

[8] Nor are any of Hamza's accounts related to any part of the Pharmacy business, let alone as a result of any alleged profits from the alleged illegal sale of non-Manufacturer unauthorized Gilead branded products.

the amount of funds frozen exceeds the amount necessary to preserve and award profits, and (4) the balance of harms weigh significantly in Defendants' favor as the continued freezing of these funds will cause the Pharmacy to cease operations and cause personal financial injury to the individual Defendants.

## **ARGUMENT**

### I.    **Hamza Chaudhary's Accounts are Unrelated to Any Sales of Gilead Branded Products and Must Be Unfrozen Immediately**

It is well-established that "assets may be frozen only to the extent they are the target of a claim for equitable relief." Shamrock Power Sales, LLC v. Scherer, No. 12 CV 8959 KMK JCM, 2016 WL 6102370, at *7 (S.D.N.Y. Oct. 18,2016) *citing* Paradigm BioDevices, Inc. v. Centinel Spine. Inc., No. ll-CV-3489, 2013 WL 1915330, at *4 (S.D.N.Y. May 9, 2013) (limiting asset freeze to those assets traceable to the equitable claim); see also, Klipsch Grp., Inc. V. Big Box Store Ltd., No. 12-CV-6283, 2012 WL 5265727, at *4 (S.D.N.Y. Oct. 24, 2012) (same).

As described in detail above, Hamza Chaudhary is not an owner of the Pharmacy and has never been an owner of the Pharmacy. None of his assets in his accounts are related to any claim of monetary or equitable relief. The only reason Hamza Chaudhary is even named in this lawsuit is due to an unofficial online Yelp record.  Keeping Hamza Chaudhary's accounts frozen only harms his personal financial wherewithal and his ability to provide for his family. Plaintiffs cannot assert any legitimate argument why Hamza's accounts need to remain frozen. See, Diane Von Furstenberg Studio v. Snyder, No. 1:06 CV 1356 JCC, 2007 WL 2688184, at *7 (E.D. Va. Sept. 10, 2007) (recognizing the appropriateness of asset freeze orders that do not apply to money earned by a defendant from sources other than the infringement activities); see also, Monster Energy Co. v. Wensheng, 136 F. Supp. 3d 897, 910 (N.D. 111. 2015), *citing* Luxottica USA LLC V. The

<u>Partnerships, et al.</u>, No. l:14-cv-09061, 2015 WL 3818622, at *5 (N.D. 111. June 18,2015), and <u>North Face</u>, 2006 WL 838993, at *3).

      Neither of Hamza Chaudhary's accounts are related in any way to the sale of Gilead branded products and should be unfrozen immediately so he can continue to provide for his family.

**II.    <u>Defendants Proposal to Remit $80,188.36 in Escrow to the Court as Preserved Funds Will Satisfy Any Such Judgment Against Them</u>**

      Defendants have requested in this Motion for the Court to lift the Asset Freeze Order on all of the accounts of all Defendants to allow the Pharmacy to continue operations and for the individual Defendants to satisfy their personal financial obligations. As has been described above, consistent with that request, Defendant propose the Court ordering the remittance of $80,188.36 in funds from Defendants to the Court's treasury account to preserve the ability to satisfy any potential judgment against them. This proposal would preserve Plaintiffs ability to obtain monetary relief from any of the alleged violations of the Lanham Act.

      The value of $80,188.36 represents the maximum amount of profits Plaintiffs could lawfully seek to obtain (and therefore freeze). <u>Klipsch Group, Inc. V. Big Box Store Ltd.</u>, No.-12 Civ. 6283 (AJN), 2012 WL 5265727, at *3 (S.D.N.Y. Oct. 24, 2012) (any freeze must be limited to preserving the equitable remedy of an accounting for profits and may not by so broad as to preserve an award of monetary damages) *citing* <u>Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999). Based on the fact that only three (3) bottles of Gilead products from non-authorized Manufacturers were identified, which represents less than 38% of

total sales of Gilead products by Defendants, the adjusted income[9] from possible purchases from Non-Manufacturer Authorized Wholesalers weighted gross profit is $80,188.36.

The freeze of any funds or assets in excess of this amount is inappropriate and against the purpose of the Lanham Act. Any potential judgment against Defendants would be able to be satisfied by the funds which Defendants propose the Court Order's remitted to its treasury accounts to be held in escrow during the pendency of this case. If the Asset Freeze Order is not lifted or further modified to permit the remittance of these funds, the frozen accounts are in excess of any amount required to ensure the availability of final equitable relief.

### III.    Qaiser and Nabila Chaudhary's Accounts are Unrelated to the Sale of Any Gilead Branded Products at Issue in this Litigation

Qaiser and Nabila Chaudhary's accounts are not related to the sale of any Gilead branded products or are a proper target of equitable or monetary relief for Plaintiffs. It is well-established that "assets may be frozen only to the extent they are the target of a claim for equitable relief." Shamrock Power Sales, LLC v. Scherer, No. 12 CV 8959 KMK JCM, 2016 WL 6102370, at *7 (S.D.N.Y. Oct. 18,2016) *citing* Paradigm BioDevices, Inc. v. Centinel Spine. Inc., No. ll-CV-3489, 2013 WL 1915330, at *4 (S.D.N.Y. May 9, 2013) (limiting asset freeze to those assets traceable to the equitable claim); see also, Klipsch Grp., Inc. V. Big Box Store Ltd., No. 12-CV-6283, 2012 WL 5265727, at *4 (S.D.N.Y. Oct. 24, 2012) (same).

---

[9] As variable costs tied to the volume, value and incidence of sales, expenses are properly deductible for purposes of the Lanham Act. See, A.laddin Mfg. Co. v. Mantle Lamp Co. of Am., 116 F.2d 708, 714-16 (7th Cir. 1941) (allowing deductions for variable costs such as labor, raw materials and other costs associated with the production of infringing goods); *c.f,* Boulo v. Rnss Berne dr Co. Inc., 886 F.2d 931, 941 (7th Cir. 1989), *cert, denied*, 493 U.S. 1075 (1990) (finding that "fixed" administrative costs were not deductible from profit calculation); Dorr-Oliver Inc. v. Fluid-Quip, Inc., 914 F. Supp. 210, 211 (N.D. lU. 1995) (finding that corporate income taxes and costs related to "extraordinary" compensation paid to shareholders were not properly deductible).

As outlined above, Nabila is not and has never been an owner of the Pharmacy. The Stipulation modifying the Asset Freeze Order was entered specifically to permit Defendants to be able to meet their personal financial obligations and continue operating the Pharmacy. By requesting a remitter of $80,188.36 to the Court, Defendants are placing all of the potential profit assets related to the sale of non-Manufacturer authorized Gilead branded products in the Court's possession. Thus, the remaining funds for Qaiser and Nabila Chaudhary need not be frozen. It is respectfully submitted that maintaining the Asset Freeze Order against Qaiser and Nabila Chaudhary will not harm or burden Plaintiffs in any way. They will maintain access to the maximum potential relief through the remitted preserved funds. Continuing to keep Qaiser and Nabila's accounts frozen will only place unnecessary and harmful burdens on them and preclude them from satisfying their personal financial obligations.

## IV. **Balancing the Equities and Threat of Irreparable Harm to the Pharmacy Significantly Outweigh the Need for All of the Defendants' Assets to Remain Subject to the Asset Freeze Order**

Without the requested relief, Defendants will be unable to continue operating the Pharmacy by as early as May 1, 2025. Defendants will be unable to meet payroll obligations, purchase products, pay rent, and serve their community. If the Court grants the requested relief, $80,188.36 will be put into escrow, and Defendants' Pharmacy will be able to continue operating and the individual Defendants will regain the ability to maintain their personal financial obligations. The balancing of equities clearly leans in favor of Defendants. Plaintiffs will retain a clear avenue to be compensated for the alleged violations of the Lanham Act. The funds preserved will be maintained with the Court as to provide Plaintiffs with assurances that those funds will remain untouched. Should Defendants have a judgment levied against them, the maximum possible judgment will be able to be satisfied.

If Defendants are unable to have their assets unfrozen, their Pharmacy will close, they will fail to meet their personal financial obligations, putting them at a variety of risks, both personally and professionally. Defendants Motion provides Plaintiffs with every right and remedy available to them in the course of this litigation. Plaintiffs will not be harmed in any tangible way if this Motion is granted. Defendants will be irreparably harmed if this order is not granted. Therefore, for these and the foregoing reasons, Defendants respectfully request that the Court grant the relief requested herein.

<u>**CONCLUSION**</u>

Defendants seek this emergency relief to preserve the ability to continue the Pharmacy operations and for the individual Defendants to maintain their personal financial obligations. For the foregoing reasons, Defendants respectfully request that all Defendants accounts be unfrozen and the Court direct payment of the $80,188.36 to the Court's treasury account by April 25, 2025.

Dated: April 16, 2025

Respectfully Submitted,
/s/ *Mark Y. Moon, Esq.*
Mark Y. Moon, Esq.
Satish V. Poondi, Esq., Pharm.D.
Patrick D. Tobia, Esq.
**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
290 W. Mt. Pleasant Ave, Suite 2370
Livingston, NJ 07039
mmoon@trenkisabel.law
spoondi@trenkisabel.law
ptobia@trenkisabel.law
973-533-1000
*Attorneys for Defendants City Care*
*Plus Pharmacy LLC d/b/a Heal the*
*World Pharmacy Nabila Chaudhary,*
*Qaiser Chaudhary and Hamza*
*Chaudhary*

13

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GILEAD SCIENCES, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>**CITY CARE PLUS PHARMACY LLC<br>D/B/A/ HEAL THE WORLD PHARMACY;<br>NABILA CHAUDHARY;** QAISER<br>CHAUDHARY; and HAMZA CHAUDHARY<br><br>                    Défendants. | Case No. 25-CV-1489(RER)(RML)<br><br><br>FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. §1116(d) |

---

### DECLARATION OF QAISER CHAUDHARY IN SUPPORT OF EMERGENCY MOTION TO UNFREEZE FROZEN ASSETS AND IN OPPOSITION TO PLAINTIFFS' REQUEST TO CONVERT THE TEMPORARY RESTRAINTS INTO A PRELIMINARY INJUNCTION

Qaiser Chaudhary, of full age, pursuant to 28 U.S.C. § 1746, hereby certifies and declares as follows:

1.    I am an owner of  City Plus Care Pharmacy Inc. ("Pharmacy" or "City Plus"). It has been improperly named in the court papers as "City Care Plus Pharmacy LLC". The Pharmacy is a New York limited liability company that owns and operates a retail pharmacy business in Jamaica, Queens, New York.

2.    Nabila Chaudhary is my wife and she has no ownership interest in  the Pharmacy.

3.    Hamza Chaudhary is our son he has no ownership interest in  the Pharmacy.

4.    Hamza Chaudhary is an employee of the Pharmacy, and his job title is technician.

5.    I live in Roslyn Height, New York and rely upon my bank accounts and assets to live and support my family.

6.     To the best of my knowledge, the asset freeze froze six accounts in my and my wife's personal names:

| INSTITUTION NAME | ACCOUNT HOLDER/SIGNATORY | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| T.D. BANK | QAISER CHAUDHARY AND NABILA CHAUDHARY Personal Account | xxxxxx8334 | $16,000 |
| BANK OF AMERICA | QAISER CHAUDHARY Personal Account | xxxxx9833 | $1,000 |
| CITI BANK | QAISER CHAUDHARY Personal Account | xxxxxa4859 | $50.00 |
| ROBINHOOD | QAISER CHAUDHARY Personal Account | xxxxx5992 | $400 |
| CHARLES SWHAB | QAISER CHAUDHARY Personal Account | xxxx5477 | $1,000,000 |
| CHARLES SWHAB | NABILA CHAUDHARY Personal Account | xxxx5316 | $455 |
|  |  |  |  |

7.      The asset freeze froze two Pharmacy accounts:

| INSTITUTION NAME | ACCOUNT HOLDER | ACCOUNT NUMBER | Balance |
|---|---|---|---|
| CITI BANK | CITY PLUS CARE Pharmacy Account | xxxx6551 | $24,300.00 (The original balance of $57,000.00 was reduced by $32,700.00 as a result of the interim agreement among the parties to unfreeze and transfer some fund to the defendants to meet immediate expenses) |
| T.D BANK | CITY PLUS CARE Pharmacy Account | xxxx85304 | $55,000 |

8.      As of the date of the asset freeze on the Pharmacy accounts the Pharmacy had $112,000.00 in its operating accounts.

9.      I do not have any signing authority over the Pharmacy accounts.

10.     The Pharmacy accounts, still frozen, do not have sufficient funds to pay past due and on-going obligations, such as suppliers, payroll, rent, utilities, insurance, and other business expenses.

11.     It is absolutely essential to the continuation of the Pharmacy's continued existence and for the livelihood of its employees that the Citi Bank and T.D. Bank accounts be unfrozen and available as soon as possible.

3

12.    We consent to the transfer of $80,188.36 in cash into a court fund as security for Gilead's claims in this case.

13.    I ask the Court to allow, upon the deposit into court of $80,188.36, my and my wife's six personal accounts, and the Pharmacy Citi Bank and T.D. Bank accounts, to be fully released from the Asset freeze Order.

**[SIGNATURE ON NEXT PAGE]**

4

I declare under penalty of perjury that the foregoing is true and correct.



QAISER CHAUDHARY

Dated: April 16, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILEAD SCIENCES, INC., *et al.*, | Case No. 25-CV-1489 (RER)(RML) |
| Plaintifs, | |
| v. | **FILED UNDER SEAL**<br>**PURSUANT TO 15 U.S.C. §1116(d)** |
| **CITY CARE PLUS PHARMACY LLC**<br>**D/B/A/ HEAL THE WORLD PHARMACY;**<br>**NABILA CHAUDHARY;** QAISER<br>CHAUDHARY; and HAMZA CHAUDHARY | |
| Défendants. | |

---

**DECLARATION OF HAMZA CHAUDHARY IN SUPPORT OF**
**EMERGENCY MOTION TO UNFREEZE FROZEN ASSETS**

Hamza Chaudhary, of full age, pursuant to 28 U.S.C. § 1746, hereby certifies and declares as follows:

1.      I am an employee of CITY CARE PLUS PHARMACY LLC d/b/a/ HEAL THE WORLD ("Pharmacy" or "City Care),  a retail pharmacy business in Jamaica, Queens, New York.

2.      I have no ownership interest in  the Pharmacy.

3.      I work at the Pharmacy as a technician.

4.      My duties include helping to count pills, working on the computer, working the register.

5.      I am 32 years old, married, and do not have any children.

6.      I support my wife, who does not work.

7.      I use my pay to support and to pay for our needs. These include our food, our car, our car insurance, gas, our health insurance, our clothing and other necessities.

8.    I have no other sources of income.

9.    The asset freeze froze two accounts in my personal name:

| INSTITUTION NAME | ACCOUNT HOLDER | ACCOUNT NUMBER | Balance |
|---|---|---|---|
| CHASE | HAMZA CHAUDHARY Personal Account | 521551197 | 3,000 |
| CITI BANK | HAMZA CHAUDHARY Personal Account | | 47,000 |

10.    The above accounts at Chase and Citi Bank are my personal accounts and have nothing to do with the Pharmacy.

11.    The asset freeze has left me unable to pay for my life's necessities. Exhibit A are just some of my outstanding financial obligations that I am, not able to meet if my bank accounts are frozen.

12.    It is absolutely essential to my wife's and my well-being and livelihood that my personal accounts at Chase and Citi Bank be unfrozen.

13.    I understand from Gilead's papers that I was included as a party based upon a Yelp page which listed me as a "Business Owner".

14.    I am not an owner and apologize to this Court for any misleading or incorrect information on that Yelp page.

15.    I am not now and have never been an owner or officer of the Pharmacy.

**[SIGNATURE ON NEXT PAGE]**

2

I declare under penalty of perjury that the foregoing is true and correct.

HAMZA CHAUDHARY

Dated: April 15, 2025

# EXHIBIT A





**Department of Finance**

Church Street Station
PO Box 3600
New York NY 10008-3600

# NOTICE OF JUDGMENT ENFORCEMENT

## COLLECTIONS DIVISION

#BWNCXPZ
#1 NY PAS KUX9402//3#
HAMZA M CHAUDHARY
21 HARDING AVE
ROSLYN HEIGHTS NY 11577-2002

MARCH 5, 2025

AMOUNT DUE: $150.00

DUE: IMMEDIATELY

The New York City Department of Finance has entered a judgment against you for the parking/camera violation(s) listed on the reverse side of this page.

You must pay the amount shown above or enter into a payment plan immediately. If you do not, we will take legal steps to collect what you owe. These steps may occur at any time and include, but are not limited to:

- Assigning your judgment debt to a collection agency
- Booting or towing your vehicle
- Selling your vehicle at auction
- Seizing your non-exempt personal property
- Restraining your bank accounts
- Garnishing your non-exempt wages
- Preventing the renewal of your vehicle registration

You have several options for paying what you owe:

- Online: Visit www.nyc.gov/citypay and choose "Parking Tickets."
- Mail: Detach and return the coupon below in the envelope provided.
- In Person: Visit any Department of Finance business center. (Locations enclosed on the "Payment Information" page.)
- Payment Plan: Visit www.nyc.gov/parkingticketpaymentplans for more information, or call 311

You must take action now to avoid the enforcement actions listed above. Please note that these actions may add additional fines or penalties, including Sheriff and Marshal fees and costs, to the amount you owe

If you believe you have received this notice in error, call us immediately at (212) 440-5410. More information about your payment options and legal rights is available in the enclosed "Payment Information" page.

## PAYMENT COUPON

- Make your check or money order payable to the NYC Department of Finance. (Do not mail cash.)
- Payment must be made in U.S. dollars.
- Write on the front of your check or money order:
  - Notice Number
  - Plate Number, State, and Plate Type
- Insert this coupon in the enclosed envelope and make sure the City's address can be seen through the envelope window.

```
1 0 2 0 5 4 5 1 1 0 0 0 0 1 5 0 0 0 2 0 5 0
```

| NOTICE NO. | PLATE NO. | STATE | TYPE |
|---|---|---|---|
| 2020545110 | KUX9402 | NY | PAS |

TOTAL JUDGMENT AMOUNT DUE:
$150.00

NYC DEPARTMENT OF FINANCE
PARKING VIOLATIONS
CHURCH STREET STATION
PO BOX 3600
NEW YORK NY 10008-3600

FNNY



**Quest Diagnostics**

Do not use address below

HAMZA CHAUDHARY
24 HARDING AVE
ROSLYN ··· ··· NY ···

**Laboratory Bill**
For services not included in your physician's bill

Page 1 of 1

| Bill Date: | Amount Due: | Due Date: |
|---|---|---|
| Jan. 26, 2025 | $2,391.44 | UPON RECEIPT |
| Bill Number | Lab Code NYJ | |

Patient Name: HAMZA CHAUDHARY
Guarantor Name: HAMZA CHAUDHARY
Service Date: November 13, 2024
Requested By: HASHMI,IMADUDDIN S

---

**THIRD NOTICE**

# Immediate Payment is Due

This notice is for lab tests ordered by your physician. Two bills requesting payment have already been sent, and payment has not been received. To prevent further collection efforts on the past due amount, please do not ignore this notice. Please pay immediately using one of our easy payment methods.

## Amount due: $2,391.44

## Service Date: 11.13.2024

by one of the following methods:
- Automated phone system available 24 hours a day  **1.833.228.6279**
- Online at QUESTDIAGNOSTICS.COM/BILL
- Mail check with payment slip below

Questions: 1.833.228.6279
MON-TH 8:30AM-5:00PM FRI 08:30 AM - 04:00 PM EST

If you have Medicare, Revised Medicare, or Medicaid as your primary or secondary insurance - please send us the information - see reverse side.

The CPT codes provided are based on American Medical Association guidelines and are for information purposes only. CPT coding is the sole responsibility of the billing party. Please direct any questions regarding coding to the payor being billed.

Quest Diagnostics Incorporated and its subsidiaries (Quest) complies with applicable Federal civil rights laws and does not discriminate on the basis of race, color, national origin, age, disability, or sex.

▲ Please fold and tear along perforation and return with payment in the envelope provided. ▲

---

**Quest Diagnostics**

Pay your bill online securely at
**QUESTDIAGNOSTICS.COM/BILL**   or call 1.833.228.6279

Make checks payable to QUEST DIAGNOSTICS.
Please include bill number on check.

Quest Diagnostics accepts most payment methods, including health savings accounts (HSA), debit, checking, and most major credit cards. Please visit QuestDiagnostics.com/Bill for more information.

☐ Please provide your new address information on the back
Quest Diagnostics reserves the right to assign this receivable to any of its affiliates.

| Amount due immediately: | $2,391.44 |
|---|---|
| Due Date: UPON RECEIPT | Bill Number: 7883318022 |

Patient Name: HAMZA CHAUDHARY

**Amount Enclosed:**

If you received an explanation of benefits showing your responsibility is less than the amount shown on this bill, please pay the lesser amount. To fully resolve your bill please provide a copy of your explanation of benefits.

**MAIL PAYMENTS ONLY TO:**
QUEST DIAGNOSTICS
PO BOX 740985
CINCINNATI, OH 45274-0985

01NYJ0001798331802200239144101263115000000000000000001

**NYC**
**Department of Finance**

New York City
**Department of Finance**
Parking Violations

Page 1

Church Street Station, P.O. Box 3600, New York, N.Y. 10008

## NOTICE OF IMPENDING DEFAULT JUDGMENT

#BWNCXPZ
#1 NY PAS KUX9402-38
HAMZA M CHAUDHARY
21 HARDING AVE
ROSLYN HEIGHTS NY 11577-2002

JANUARY 29, 2025

| AMOUNT DUE: $150.00 |
| --- |
| DUE BY: 02/28/25 |

You have failed to respond to the previous notice for the parking/camera violations issued to a vehicle registered in your name. If you do not respond, we will file a civil default judgment against you in the Civil Court of the City of New York which then authorizes us to:

- Make your debt a matter of PUBLIC RECORD to be used by credit and title companies at THEIR discretion.
- Tow any vehicles registered in your name resulting in extra fees and expenses.
- Garnish your non-exempt wages and/or seize other non-exempt assets located in NYC, including real estate and bank accounts.
- Suspend or prevent renewal of your NY State motor vehicle registration.

TO AVOID ADDITIONAL PENALTIES AND JUDGMENT ENTRY YOU MUST RESPOND BY THE DUE DATE. YOU MUST:
PAY IN FULL (See Below) or DISPUTE THE VIOLATION(S) (See pages 3 and 4).

Please note that payments or claims made within the last 14 days may not be reflected in this notice. To verify the current amount due, you can go to our website: nyc.gov/finance or call 311. (Outside of NYC, call 212-NEW-YORK (212-639-9675). For the Hearing Impaired TTY, call 212-504-4115).

| NOTICE NO. | PLATE NO. | STATE | TYPE | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Z009098704 | | NY. | PAS | | | | | | | |
| VIOLATION | VIO DATE | LOCATION | | TIME | FINE | PEN | RED | PAID | DUE | VIOLATION AND (CODE) |
| 4930110105 | 12/14/24 | WB CROSS ISLAND PRW | | 06:47PM | 50 | 25 | 00 | 00 | 75 | SCHL ZN SPD VIO (36) |
| 4041595654 | 12/08/24 | WB JAMAICA AVE @ PA | | 12:46PM | 50 | 25 | 00 | 00 | 75 | BUS LANE VIOLAT (05) |
| | | | | | | TOTAL DUE: | | | $150 | |

**PAYMENT OPTIONS:** You may pay: online, by mail or in person. To pay by mail, please follow the instructions below. For information on the other payment options, please see the reverse side of this page.

**NOTICE:** By making payment you are admitting liability to the charge and penalty shown.

## PAYMENT COUPON

- Make your check or money order payable to the NYC Department of Finance. Do *not* mail cash.
- Payment *must* be made in U.S. Dollars.
- Write on the front of your check or money order:
  - Notice Number
  - Plate Number, State and Plate Type
- Insert this tear-off coupon in the enclosed envelope and make sure the City's address can be seen through the envelope window.

NYC DEPARTMENT OF FINANCE
PARKING VIOLATIONS
CHURCH STREET STATION
PO BOX 3600
NEW YORK NY 10008-3600



Z009098704000015000020

| NOTICE NO. | PLATE | STATE | TYPE |
| --- | --- | --- | --- |
| Z009098704 | | NY | PAS |
| VIOLATION | | | AMOUNT DUE |
| 4930110105 | | | 75.00 |
| 4041595654 | | | 75.00 |
| | TOTAL DUE: | | $ 150.00 |

ID RC 2020



### Platinum Card®

HAMZA M CHAUDHRY
Closing Date 03/19/25
Account Ending

p. 1/6

Customer Care: 1-800-525-3355
TTY: Use Relay 711
Website: americanexpress.com

| | |
|---|---|
| **New Balance** | **$1,815.29** |
| **Minimum Payment Due** | **$202.28** |
| Includes the past due amount of $120.00 | |
| **Payment Due Date** | **04/13/25** |

**Late Payment Warning:** If we do not receive your Minimum Payment Due by the Payment Due Date of 04/13/25, you may have to pay a late fee of up to $40.00 and your Pay Over Time APR may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you have a Pay Over Time and/or Cash Advance balance and you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges and each month you pay... | You will pay off the balance shown on this statement in about... | And you will pay an estimated total of... |
|---|---|---|
| Only the Minimum Payment Due | 7 years | $3,775 |

If you would like information about credit counseling services, call 1-888-733-4139.

- See page 4 for important information about your account.

- **New York Residents:** New York Residents may contact the New York State Department of Financial Services by telephone or visit its website for free information on comparative credit card rates, fees, and grace periods. New York Department of Financial Services: 1-800-342-3736 or www.dfs.ny.gov.

- **WARNING:** Your account is past due.

- Please refer to the IMPORTANT NOTICES section for a notice that your APR will be increased to the Penalty Rate and any other communications.

- For more information on your Pay Over Time Limit and your purchasing options, please refer to the Information on Pay Over Time and Purchasing Options section.

Continued on page 3

### Membership Rewards® Points

Available and Pending as of 02/28/25

**6,580**

For up to date point balance and full program details, visit membershiprewards.com

### Account Summary

| Pay In Full | |
|---|---|
| Previous Balance | $40.00 |
| Payments/Credits | -$0.00 |
| New Charges | +$0.00 |
| Fees | +$40.00 |
| New Balance | $80.00 |

| Pay Over Time and/or Cash Advance | |
|---|---|
| Previous Balance | $915.44 |
| Payments/Credits | -$0.00 |
| New Pay Over Time Charges | +$599.67 |
| New Cash Advances | +$50.00 |
| Fees | +$695.00 |
| Interest Charged | +$525.18 |
| New Balance | $1,735.29 |
| Minimum Due | $122.23 |

| Account Total | |
|---|---|
| Previous Balance | $955.44 |
| Payments/Credits | -$0.00 |
| New Charges | +$599.67 |
| New Cash Advances | +$50.00 |
| Fees | +$735.00 |
| Interest Charged | +$525.18 |
| | |
| **New Balance** | **$1,815.29** |
| **Minimum Payment Due** | **$202.28** |

| | |
|---|---|
| Pay Over Time Limit | $7,500.00 |
| Available Pay Over Time Limit | $5,764.71 |

---

↓ Please fold on the perforation below, detach and return with your payment ↓

|  **Payment Coupon** Do not staple or use paper clips |  **Pay by Computer** americanexpress.com/pbc | 📞 **Pay by Phone** 1-800-472-9297 | **Account Ending** |
|---|---|---|---|

Enter 15 digit account # on all payments.
Make check payable to American Express

AB 01 003363 47621 H 15 A

HAMZA M CHAUDHRY
21 HARDING AVE
ROSLYN HEIGHTS NY 11577-2002

Payment Due Date
**04/13/25**

New Balance
**$1,815.29**

Minimum Payment Due
**$202.28**

See reverse side for instructions on how to update your address, phone number, or email

AMERICAN EXPRESS
P.O. BOX 1270
NEWARK NJ 07101-1270

$ _____

**Amount Enclosed**

0000349993211082342 000181529000020228 15 A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC., *et al.*, | Case No. 25-CV-1469(RER)(RML) |
| Plaintiffs, | |
| v. | **FILED UNDER SEAL** |
| | **PURSUANT TO 15 U.S.C. §1116(d)** |
| **CITY CARE PLUS PHARMACY LLC D/B/A/ HEAL THE WORLD PHARMACY; NABILA CHAUDHARY;** QAISER CHAUDHARY; and HAMZA CHAUDHARY | |
| Defendants. | |

## CERTIFICATION OF SERVICE

MARK Y. MOON, ESQ., of full age, hereby certifies as follows:

1.      I am an attorney at law in the State of New Jersey and a Partner at the firm Trenk Isabel Siddiqi & Shahdanian, P.C., attorneys for Defendants City Care Plus Pharmacy LLC d/b/a Heal the World Pharmacy ("Pharmacy"), Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively "Defendants").

2.      On April 16, 2025, I caused the following documents to be served on all counsel of record:

      a.   Defendants' Memorandum in 1) Opposition to the Plaintiff's Order to Show Cause, 2) In Support of Defendants' Emergency Motion to Lift the Asset Freeze Order, and 3) As a Sur-reply to Plaintiff's Order to Show Cause; and

      b.   Certification of Service.

3.      On April 16, 2025, I caused one (1) courtesy copy of the above-referenced documents to be sent via regular mail to:

      Geoffrey Potter, Esq.
      Timothy A. Waters
      Anna B. Blum
      Patterson Belknap Webb & Tyler LLP
      1133 Avenue of the Americas

New York, NY 10036
*Attorneys for Plaintiffs,*
*Gilead Sciences, Inc., et al.*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Mark Y. Moon*
Mark Y. Moon, Esq.

Dated: April 16, 2025