

Matthew J. Modafferi
direct: 646.970.6882
MModafferi@frierlevitt.com

May 1, 2025

**Via ECF**
Honorable Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Gilead Sciences, Inc., et al. v. City Plus Care Pharmacy Inc. d/b/a Heal the World Pharmacy, et al.</u>, Case No. 25-cv-1469 (Reyes, J.) (Levy, M.J.)

Dear Judge Reyes:

This firm represents Defendants Nabila Chaudhary, Qaiser Chaudhary, and Hamza Chaudhary (collectively, "Individual Defendants") in the above-referenced matter.[1] The Individual Defendants submit this letter regarding the outstanding Emergency Motion filed on April 17, 2025 which sought to (1) lift, vacate, or otherwise modify the Temporary Restraints entered by the Court in its March 17, 2025 order, (2) to lift, vacate, or otherwise modify the Asset Freeze Order (Dkt. No. 18) entered against the Individual Defendants and the Pharmacy, (3) Plaintiffs' Order to Show Cause filed on April 7, 2025, and (4) Plaintiffs' request to modify the asset freeze (Dkt. No. 51).

As the Court is aware, Frier Levitt was recently retained as counsel for the Individual Defendants and have not had the time or ability to perform a full due diligence investigation of the alleged facts in this matter. However, based on the review of the records provided by the Individual Defendants to date, some witness interviews, and the information collected through search engine queries, it appears that the Individual Defendants transferred their ownership interest in the Pharmacy in 2022.

Specifically, the Individual Defendants state as follows:

- On or around January 23, 2019, Heal the World Pharmacy Inc. sold the pharmacy through an Asset Sale Agreement to City Plus Care Pharmacy, Inc. (the "Pharmacy"). <u>See</u> Declaration of Nabila Chaudhary at Exh. A. The Bill of Sale for

---

[1] Frier Levitt LLC does not represent City Plus Care Pharmacy Inc. d/b/a/ Heal the World Pharmacy (the "Pharmacy"). Upon information and belief, Trenk Isabel Siddiqi & Shahdanian P.C. represents the Pharmacy.

Pine Brook, New Jersey | New York, New York
101 Greenwich Street, Suite 8B, New York, NY 10006 | t 646.970.2711 | f 973.618.0650
www.FrierLevitt.com



- the Pharmacy was executed by Nabila Chaudhary as the President of Pharmacy on March 11, 2019. Id.

- On December 20, 2021, Nabila Chaudhary as President and sole shareholder of the Pharmacy, executed an Asset Purchase Agreement on behalf of the Pharmacy. See Declaration of Nabila Chaudhary at Exh. C. Further, on January 24, 2022, Nabila Chaudhary executed the bill of sale for the Pharmacy, selling all 200 shares to Shumaila Arslan. See id. at Exh. D. In exchange for the pharmacy, Nabila Chaudhary received and negotiated a $100,000 check as an initial downpayment for the Pharmacy signed by Shumaila Arslan. See id. at Exh. F. The 200 shares comprised all shares for the Pharmacy, as collaborated by the Department of State Entity Information for the Pharmacy. See id. at Exh. E.

- The filed 2019, 2020, and 2021 K-1s for the Pharmacy additionally confirm that Nabila Chaudhary was the sole owner of the Pharmacy during the years of her ownership. See Declaration of Nabila Chaudhary at Exh. B. Qaiser Chaudhary never purchased or owned any shares associated with the Pharmacy. See Affidavit of Qaiser Chaudhary at ¶ 1; see also Declaration of Nabila Chaudhary at Ex. A, Ex. B, Ex. C, Ex. D.

- From 2019 to the sale of the Pharmacy in 2022, Qaiser Chaudhary only assisted his wife, Nabila Chaudhary, in her ownership of the Pharmacy but was never an owner. See Declaration of Qaiser Chaudhary at ¶ 3.[2]

- The current National Provider Identifier ("NPI") for the Pharmacy lists Shumaila Arslan as the owner of the Pharmacy, consistent with the Asset Purchase Agreement dated December 20, 2021 and bill of sale dated January 24, 2022. See Declaration Nabila Chaudhary at Exh. G.

- Shumaila Arslan confirmed that she is the sole owner of the Pharmacy and has been the sole owner of the Pharmacy from January 22, 2022 until the present. See Declaration of Shumaila Arslan.

- Hamza Chaudhary never owned any interest in the Pharmacy and does not appear on any public filings. See Defendants' Emergency Motion, Declaration of Hamza Chaudhary; see also Declaration of Hannah Lee (Dkt. No. 6) at ¶ 5. Hamza Chaudhary was not listed as an owner in the purchase documents for the Pharmacy, in the sale documents for the Pharmacy, or in the tax documents for the Pharmacy. See Declaration of Nabila Chaudhary at Ex. A, B, C, and D. Hamza Chaudhary was an employee of the Pharmacy during his mother's

---

[2] Qaiser Chaudhary submits that his prior declaration submitted on April 17, 2025 is erroneous because he was never an owner of the Pharmacy and his wife was the owner of the Pharmacy from January 2019 to January 2022. See Declaration of Qaiser Chaudhary at ¶ 5.



ownership and during the ownership of the Pharmacy by Shumaila Arslan. See Hamza Chaudhary Declaration, Dkt. No. 37, at pp. 19-21.

- Plaintiffs cite to an NPI lookup that was last updated on March 10, 2022 and a filing with the New York Department of State that occurred on April 2, 2019 in support of their allegation that Nabila and Qaiser Chaudhary are current owners of the Pharmacy. See Exhibit 1 to Decl. of Hannah Lee (Dkt. No. 6).

The Individual Defendants submit that, because they do not own the Pharmacy, they do not have the documents that Plaintiffs seek in their possession, custody, or control and thus cannot be held in contempt. See Declaration of Nabila Chaudhary at Ex. C, Ex. D, ¶ 7; see also Declaration of Qaiser Chaudhary at ¶ 7. Similarly, the Individual Defendants state that, because they do not own the Pharmacy and have not owned the Pharmacy since January 2022, their individual bank accounts should not be frozen.

\* \* \*

Frier Levitt has not completed its investigation into the allegations, and reserve the right to amend or supplement this letter. In sum, if the Individual Defendants are not owners of the Pharmacy, then they cannot be held in contempt for failure to produce documents not within their possession, custody, or control and should not be subject to the Asset Freeze Order.

Respectfully submitted,

FRIER & LEVITT, LLC

/s/ *Matthew J. Modafferi*

Matthew J. Modafferi, Esq.