UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

                Plaintiffs,

v.

CITY PLUS CARE PHARMACY, INC. D/B/A
HEAL THE WORLD PHARMACY, *et al.*,

                Defendants.

Case No. 25-cv-1469 (RER) (RML)

---

## ENDORSED ORDER
## MODIFYING THE ASSET FREEZE AS TO DEFENDANTS

WHEREAS, on March 17, 2025, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Plaintiffs" or "Gilead") filed a complaint naming Defendants City Plus Care Pharmacy Inc. d/b/a Heal the World Pharmacy, Nabila Chaudhary, Qaiser Chaudhary, and Hamza Chaudhary (together, "Defendants," and each a "Defendant"), and sought, *inter alia*, a temporary restraining order and asset freeze order against them;

WHEREAS, on March 17, 2025, this Court entered a temporary restraining order and asset freeze order against Defendants;

WHEREAS, on March 27, 2025, the parties stipulated to modify the asset freeze order to release $32,700 in funds, but otherwise leaving the March 17, 2025 asset freeze order in effect;

WHEREAS, the March 17, 2025 asset freeze order, as modified by the March 27, 2025 order (the "Asset Freeze Order") remains in effect;

WHEREAS, on May 21, 2025, the Court held in connection with its Order to Show Cause that Defendants are in contempt of the Court's Asset Freeze Order; and

WHEREAS, the Court grants Plaintiffs' oral motion that, in light of the Defendants' contempt, the Asset Freeze Order be modified to require Defendants to provide additional information, and for funds to be held in constructive trust by the U.S. District Court;

NOW THEREFORE, it is hereby ORDERED that:

1. The Asset Freeze Order is hereby further MODIFIED as follows:

   a. Any bank, brokerage house, or financial institution holding frozen assets under the Asset Freeze Order shall continue to hold such assets except as set forth in this Order:

   b. Counsel for Plaintiffs may immediately serve this Order upon the banks, brokerage houses, or financial institutions identified in the subparagraphs below.

   c. Within three (3) business days of receipt of this Order, TD Bank shall deposit the full balance of funds held in the accounts ending with 8347, 8991, 5252, 5304, 2460, 9650, 3218, 3086, 3802, and 8334 (account holder or signatory: City Plus Care Pharmacy Inc., Nabila Chaudhary, Qaiser Chaudhary, and/or Hamza Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman

Plaza East Brooklyn, NY 11201." Once completed, TD Bank shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for Defendants at mmodaferri@frierlevitt.com ~~and ptobia@trenkisabel.law~~.

d. Within three (3) business days of receipt of this Order, Citibank shall deposit the full balance of funds held in the accounts ending with 1065, 6551, 0712, 0720, 4867, and 4859 (account holder or signatory: City Plus Care Pharmacy Inc., Nabila Chaudhary, Qaiser Chaudhary, and/or Hamza Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, Citibank shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for Defendants at mmodaferri@frierlevitt.com ~~and ptobia@trenkisabel.law~~.

e. Within three (3) business days of receipt of the Order, Charles Schwab shall deposit the full balance of all liquid funds held in the accounts ending with 5477, 7988, and 8316 (account holder or signatory: Qaiser Chaudhary, Nabila Chaudhary, and/or Hamza Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S.

3

District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, Charles Schwab shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for the Chaudharys at mmodaferri@frierlevitt.com.

f.  Within three (3) business days of receipt of this Order, Capital One shall deposit the full balance of funds held in the accounts ending with 7852, 8522, and 2027 (account holder or signatory: Hamza Chaudhary and/or Qaiser Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, Capital One shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for the Chaudharys at mmodaferri@frierlevitt.com.

g. Within three (3) business days of receipt of this Order, JP Morgan Chase shall deposit the full balance of funds held in accounts ending with 1197, 0562, and 6447 (account holder or signatory: Hamza Chaudhary and/or Qaiser Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, JP Morgan Chase shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for Defendants at mmodaferri@frierlevitt.com. Counsel for Plaintiffs and Defendants shall provide to JP Morgan Chase written acknowledgement of receipt of that notification.

h. Within three (3) business days of receipt of this Order, Bank of America shall deposit the full balance of funds held in the account ending in 9833 (account holder or signatory: Qaiser Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States

Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, JP Morgan Chase shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for the Chaudharys at mmodaferri@frierlevitt.com.

    i. Within three (3) business days of receipt of this Order, Robinhood Markets Inc. deposit the full balance of all liquid funds held in the accounts ending with 5992 and 9441 (account holder or signatory: Qaiser and/or Hamza Chaudhary) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, Robinhood shall give written confirmation that it has complied with this subparagraph to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com and to counsel for the Chaudharys at mmodaferri@frierlevitt.com.

2. Defendants shall immediately provide to Plaintiff's counsel a full list of any and all assets held, owned, or controlled by any Defendant in a country outside the United States. For all such assets held by a bank, brokerage house, or other financial institution, Defendants shall provide (1) the name of the banks, brokerage houses, or financial institutions, (2) the title of the account, (3) the account numbers, (4) the

current balance of the foreign accounts, (5) the account holder(s) and signatory or signatories, and (6) account statements for the period from March 1, 2022 to the present. Defendants shall also disclose all real property held, owned, or controlled by them in a country other than the United States.

3. Within three (3) business days of this Order, each Defendant shall cause to be deposited into the United States District Court all liquid assets owned by, held by, or controlled by that Defendant in a country outside the United States.

   a. To the extent Defendants are able to do so, all deposits pursuant to this paragraph 3 shall be made by personal check or cashier's check in U.S. dollars, payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. City Plus Care Pharmacy Inc., 25-cv-1469") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Brenna B. Mahoney, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." Once completed, Defendants shall give written confirmation that they have complied with this paragraph, including information about the check and its amount, to counsel for Plaintiffs at [CounterfeitGileadMedications@pbwt.com](CounterfeitGileadMedications@pbwt.com).

   b. To the extent any Defendant is unable to make such deposits by bank check or personal check in U.S. dollars as set forth in paragraph 3(a), that Defendant shall cause the funds to be deposited into a frozen account (i.e., an account frozen under the Asset Freeze Order) in their name of a U.S. financial institution. Defendants shall immediately confer with counsel for Plaintiffs to

identify and agree upon the frozen U.S. account into which the deposit shall be made. Once Defendants and counsel for Plaintiffs have agreed upon a frozen U.S. account, Defendants shall cause all funds to be deposited into that frozen U.S. account by wire, bank transfer, cashier's check, or personal check. Defendants shall give written confirmation that they have complied with this paragraph, including information about the deposit into the U.S. account, the method of deposit, and its amount, to counsel for Plaintiffs at CounterfeitGileadMedications@pbwt.com. Once this is completed, Plaintiffs shall file with the Court an additional proposed order directing the deposit of the funds from the frozen U.S. account to the United States District Court.

   c. Defendants shall provide as necessary to any financial institution(s) any instructions, directions, confirmations, and/or assistance required to effectuate the transfer of funds set forth in this paragraph 3, including paragraphs 3(a)-(b).

4. The Clerk of Court shall notify the Court upon receiving and depositing each of the check(s) from the banks, brokerage houses, or financial institutions in 1(c)-(i) and 3(a), by so-indicating on the electronic ECF/CM docket in this case.

5. Defendants shall not transfer, sell, mortgage, encumber, incur liens, or otherwise impair any ownership or other legal interest they may have in any real property located anywhere in the world, be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Defendant. For the avoidance of doubt, and without limitation, this includes the property at 21 Harding Ave, Roslyn Heights NY 11577.

6. The Clerk of the Court is directed to receive and deposit all funds received under this Order into an interest-bearing account, whereupon the funds will be enjoined and held in constructive trust under the custody and administration of the Court to secure and preserve the availability of the relief Plaintiffs seek (including the equitable remedies of disgorgement and restitution) until the final disposition of this action. Pursuant to Local Civil Rule 67.1, the Clerk is directed to deduct from the income on the investment a fee consistent with that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.
7. The order will remain in effect until further order of this court directing disbursement of the funds deposited into the Registry Fund of the Treasury.
8. Except to the extent inconsistent with this Order, the provisions of the Court's Asset Freeze Order shall remain in effect.

Dated: June 12, 2025

                                                                                         SO ORDERED

                                                               /s/ Ramón E. Reyes, Jr. 6:34 P.M.
                                                               Hon. Ramón E. Reyes, Jr.