IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY, NABILA CHAUDHARY, QAISER CHAUDHARY, and HAMZA CHAUDHARY,<br><br>Defendants. | Case No.: 1:25-cv-01469-RER-RML<br><br>**VERIFIED ANSWER** |

Defendants NABILA CHAUDHARY ("Nabila"), QAISER CHAUDHARY ("Qaiser") and HAMZA CHAUDHARY ("Hamza") (collectively "Defendants"), by and through their attorneys, Marzec Law Firm, P.C., as and for their Verified Answer to the Complaint allege as follows:

## SUMMARY OF THE ACTION

1. Defendants deny the allegations in paragraph 1 of the complaint.

2. Defendants deny the allegations in paragraph 2 of the complaint, including but not limited to that Defendants are the principals of Defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY ("Corporate Defendant" or" pharmacy") and that they "were caught red-handed dispensing counterfeit BIKTARVY" in or about January 2025 given that Defendants Qaiser and Hamza were never principals or shareholders of the pharmacy and Defendant Nabila Chaudhary as President and sole shareholder of the pharmacy, ceased managing or operating the pharmacy when she sold and transferred her ownership interest

1

comprised of all shares for the pharmacy to Shumaila Arslan on January 24, 2022. See Dkt. Doc. 53.

3. Defendants deny the allegations in paragraph 3 of the complaint.

4. Defendants deny the allegations in paragraph 4 of the complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the complaint.

6. Defendants deny that the complaint purports to state claims for trademark infringement, false designation of origin, false advertising, trademark dilution, violation of consumer protection laws, and other claims under federal, state, and common law. Defendants deny the remaining allegations in paragraph 6 of the complaint.

### A. PLAINTIFFS

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint.

### B. DEFENDANTS

9. Defendants admit the allegation that Defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY had its principal place of business in Jamaica, Queens, New York and deny the remaining allegations in paragraph 9 of the complaint.

10. Defendant NABILA CHAUDHARY admits she is an individual residing in Roslyn Heights, New York and was the principal and sole owner and shareholder of the pharmacy from December 20, 2021 to January 24, 2022 and denies the remaining allegations in paragraph 10 of the complaint.

11. Defendant QAISER CHAUDHARY admits he is an individual residing in Roslyn Heights, New York and is the husband of Defendant NABILA CHAUDHARY and denies the remaining allegations in paragraph 11 of the complaint.

12. Defendant HAMZA CHAUDHARY admits he is an individual residing in Queens, New York and that he resides in Roslyn heights with his parents Defendants QAISER and NABILA CHAUDHARY and denies the remaining allegations in paragraph 12 of the complaint.

## JURISDICTION AND VENUE

13. Defendants admit that this Court has subject matter jurisdiction over this action. Defendants deny the remaining allegations in paragraph 13 of the complaint.

14. Defendants deny that this Court has personal jurisdiction as service of process has not been effectuated and Defendants were not served with a Summons or Complaint. Defendants deny the remaining allegations in paragraph 14 of the complaint.

15. Defendants admit that they are residents of New York. Defendants deny the remaining allegations in paragraph 15 of the complaint.

16. Defendants admit that they have transacted business in New York. Defendants deny the remaining allegations in paragraph 16 of the complaint.

17. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in paragraph 17 of the complaint.

## FACTUAL ALLEGATIONS

### A. GILEAD'S HIV MEDICINES

18. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 18 of the complaint.

19. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 19 of the complaint.

20. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 20 of the complaint.

21. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 21 of the complaint.

22. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 22 of the complaint.

23. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 23 of the complaint.

24. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 24 of the complaint.

25. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 25 of the complaint.

26. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 26 of the complaint.

27. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 27 of the complaint.

**B. HEAL THE WORLD'S PRINCIPALS**

28. Defendants deny the allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint.

30. Defendants deny the allegations in paragraph 30 of the complaint.

31. Defendants deny the allegations in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint.

## C. HEAL THE WORLD'S SALE OF COUNTERFEIT GILEAD-BRANDED HIV MEDICINE

### 1. The Patient Report

33. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 33 of the complaint.

### 2. Gilead Confirms the Expiration Date is Fake and Obtains the Counterfeit BIKTARVY from the Patient

34. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 34 of the complaint.

35. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 35 of the complaint.

### 3. Gilead's Analysis Confirms the Label is a Counterfeit Replica

36. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 36 of the complaint.

37. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 37 of the complaint.

38. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 38 of the complaint.

39. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 39 of the complaint.

40. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 40 of the complaint.

41. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 41 of the complaint.

42. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 42 of the complaint.

43. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 43 of the complaint.

### 4. The Counterfeit BIKTARVY Was Missing the Patient Information Outsert

44. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 44 of the complaint.

45. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 45 of the complaint.

### 5. The Contents of the Counterfeit BIKTARVY Are Unknown, but It Was Not Filled by Gilead

46. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 46 of the complaint.

47. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 47 of the complaint.

48. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 48 of the complaint.

49. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 49 of the complaint.

### 6. Heal the World Refuses to Disclose Where It Sourced the Counterfeit and Obstructs Gilead's Investigation

50. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 50 of the complaint. Defendants Qaiser and Hamza were never principals

or shareholders of the pharmacy and Defendant Nabila Chaudhary was President and sole shareholder of the pharmacy until January 24, 2022 when she sold and transferred her ownership interest comprised of all shares for the pharmacy to Shumaila Arslan.

51. Defendant HAMZA CHAUDHARY admits that he is not the owner of the pharmacy and Defendants deny the remaining allegations in paragraph 51 of the complaint.

52. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 52 of the complaint.

53. Defendants deny the allegations in paragraph 53 of the complaint that they obstructed Gilead's investigation and refused to provide any information about the counterfeit they sold.

54. Defendants deny the allegations in paragraph 54 of the complaint.

### D. THE COUNTERFEIT LABEL IS DIFFICULT TO DETECT AND INDICATES A BROADER COUNTERFEITING SCHEME

55. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 55 of the complaint.

56. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 56 of the complaint.

57. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 57 of the complaint.

58. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 58 of the complaint.

## CLAIMS OF RELIEF
## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(A))
### (Against all Defendants)

59. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

60. The allegations contained in paragraph 60 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

61. The allegations contained in paragraph 61 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

62. The allegations contained in paragraph 62 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

63. The allegations contained in paragraph 63 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

64. The allegations contained in paragraph 64 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

65. The allegations contained in paragraph 65 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
## <u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(B))</u>
### (Against all Defendants)

66. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

67. The allegations contained in paragraph 67 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

68. Defendants deny the allegations in paragraph 68 of the complaint.

69. The allegations contained in paragraph 69 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

70. The allegations contained in paragraph 70 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

71. The allegations contained in paragraph 71 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

72. The allegations contained in paragraph 72 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

73. The allegations contained in paragraph 73 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
## FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE
### (Against all Defendants)

74. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

75. The allegations contained in paragraph 75 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

76. The allegations contained in paragraph 76 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

77. The allegations contained in paragraph 77 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

78. The allegations contained in paragraph 78 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

79. The allegations contained in paragraph 79 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

80. The allegations contained in paragraph 80 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF
## <u>FEDERAL FALSE ADVERTISING</u>
### (Against all Defendants)

81. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

82. The allegations contained in paragraph 82 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

83. The allegations contained in paragraph 83 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

84. The allegations contained in paragraph 84 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

85. The allegations contained in paragraph 85 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

86. The allegations contained in paragraph 86 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

87. The allegations contained in paragraph 87 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

88. The allegations contained in paragraph 88 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES
**(Against all Defendants)**

89. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

90. Defendants deny the allegations in paragraph 90 of the complaint.

91. The allegations contained in paragraph 91 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

92. The allegations contained in paragraph 92 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF
## COMMON-LAW UNFAIR COMPETITION
**(Against all Defendants)**

93. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

94. The allegations contained in paragraph 94 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

95. The allegations contained in paragraph 95 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

96.     The allegations contained in paragraph 96 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

97.     The allegations contained in paragraph 97 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF
## COMMON-LAW UNJUST ENRICHMENT
### (Against all Defendants)

98.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

99.     Defendants deny the allegations in paragraph 99 of the complaint.

100.    The allegations contained in paragraph 100 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the judgment and relief requested in the complaint and in the Prayer for Relief. The Prayer for Relief, including the relief requested in all sub-paragraphs, should be denied, and Plaintiffs should take nothing. To the extent that further response is required, Defendants deny the allegations, deny all of Plaintiffs' allegations of wrongdoing, deny that Plaintiffs are entitled to any relief whatsoever and deny any remaining allegations in this paragraph.

## JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without any admissions as to burden of proof, and expressly reserving their right to assert additional defenses, Defendants state the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
Defendants' alleged conduct does not and will not infringe Plaintiffs' asserted trademarks.

### THIRD AFFIRMATIVE DEFENSE
At all times relevant to the allegation in the Complaint, any acts or omissions by Defendants were in conformance with all applicable laws, codes, and regulations industry standards and practices, and based upon the state of knowledge existing at the time such actions were taken.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver and license.

### FIFTH AFFIRMATIVE DEFENSE
Plaintiffs' claims and request for relief, including damages and in injunction, are unenforceable, in whole or in part, under the doctrine of unclean hands and other equitable principles or doctrines.

### SIXTH AFFIRMATIVE DEFENSE
Plaintiffs' claim under New York General Business Law § 360-1 is barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and request for relief, including damages and in injunction, are barred by the equitable doctrine of laches.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable or other relief are barred because Plaintiffs have an adequate and complete remedy at law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs did not effectuate proper service upon Defendants.

### TENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
**Reservation of Rights**

Defendants reserve the right to allege additional affirmative defenses as they become known through the course of discovery.

Dated: July 30, 2025

                                                **MARZEC LAW FIRM, P.C.**

By:    */s/ Darius A. Marzec*
       Darius A. Marzec, Esq.
       Jerome Noll, Esq.
       776A Manhattan Avenue, Suite 104
       Brooklyn, NY 11222
       718-609-0303
       dmarzec@marzeclaw.com

To:    Geoffrey Potter, Esq.
       PATTERSON BELKNAP WEBB & TYLER LLP
       1133 Avenue of the Americas
       New York, NY 10036
       gpotter@pbwt.com

## VERIFICATION

I, NABILA CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Answer to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: July 30, 2025

_____
NABILA CHAUDHARY

## VERIFICATION

I, QAISER CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Answer to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: July 30, 2025

QAISER CHAUDHARY

## VERIFICATION

I, HAMZA CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Answer to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: July 30, 2025

_____
HAMZA CHAUDHARY