

www.pbwt.com

August 4, 2025

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**Via ECF**

Hon. Ramón E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     ***Gilead Sciences Inc. et al v. City Plus Care Pharmacy Inc. d/b/a Heal the
World Pharmacy, et al., No. 25-cv-1469 (RER) (RML) (E.D.N.Y.)***

Dear Judge Reyes:

We represent Plaintiffs ("Gilead") in the above-captioned action and write regarding Defendants' failure to respond to Gilead's discovery requests and comply with this Court's discovery orders.

On June 30, 2025, Gilead served requests for documents and interrogatories on each of Qaiser, Nabila, and Hamza Chaudhary.  Exs. 1-6 (Gilead's Discovery Requests).  Gilead served the Defendants by U.S. postal service at their home address, as well by email at the email address that outgoing counsel stated he used to communicate with his (now former) clients: kaiserkaiser786@aol.com.  Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendants' responses and objections to these requests were due on July 30, 2025.  Gilead has received no response from Defendants at all: no written responses, and no documents.  Indeed, the Chaudharys have, through their newly retained third set of counsel, served extensive untimely discovery demands on Gilead (to which Gilead will respond in due course), and have made no effort to respond to the discovery Gilead served over a month ago.

Defendants have waived any objections to these requests by failing to respond by the July 30 deadline.  *Labarbera v. Absolute Trucking, Inc.,* No. CV 08-4581 DRH AKT, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.") (collecting cases); *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02-CV-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.... Any other

August 4, 2025
Page 2

result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.").

As the Court is well aware, the Defendants' complete failure to comply with their discovery obligation is just the latest in a long string of discovery violations and willful contempt of this Court's orders. Gilead has previously laid out all of the Court's orders that the Defendants have violated. The Defendants have only added to the list of orders that they have willfully violated the June 12, 2025 order that they provide access to the citypluscare@gmail.com email address, ECF No. 66, and the June 12, 2025 order that they disclose and facilitate the transfer of all their overseas assets, ECF No. 67 ¶ 3. Gilead reserves its rights to further address the Defendants' ongoing contempt in a future filing.

Discovery in this case is scheduled to close on August 19, 2025. Gilead therefore respectfully requests that the Court issue an order requiring Defendants Qaiser Chaudhary, Hamza Chaudhary, and Nabila Chaudhary to each individually and fully respond to Gilead's discovery requests – including by producing all documents demanded within their possession, custody, or control, and providing full, verified answers to the interrogatories propounded – no later than August 8, 2025.

In light of the Defendants' history of willful litigation misconduct, Gilead further respectfully requests that the Defendants be ordered to file, also by August 8, a sworn affidavit detailing the steps they took to collect documents and information in response to Gilead's document demands.

Finally, Gilead respectfully requests that the Defendants be expressly warned that failure to abide by the Court's order may lead to the imposition of sanctions up to and including case-ending sanctions. Gilead retains its right to seek further and additional relief from the Court.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters