# Marzec Law Firm, P.C.

**Darius A. Marzec Is Licensed To Practice Law In: New York**
**New Jersey • Connecticut • Massachusetts • Pennsylvania**
**Washington, D.C. • Illinois • Florida • California • Hawaii**

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

**Via ECF**

May 15, 2025

Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** **Gilead Sciences Inc. et al v. City Plus Care Pharmacy Inc. et al.**
Case No.: 25-cv-1469 (RER) (RML)

Dear Judge Reyes:

This firm represents Defendants Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively, "Defendants") in the above-referenced action. This letter is in reply to the request by Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs") for an Order compelling Defendants to respond to all discovery demands, for Defendants to file a sworn affidavit detailing the steps taken to collect documents and information and for an Order that Defendants be expressly warned that discovery shall conclude by August 19, 2025. See Minute Order dated May 21, 2025 (Dkt. Doc. 60).

As Plaintiffs' counsel are aware, the Federal Rules of Civil Procedure and the Local Civil Rules of this Court require that parties meet and confer in a good faith attempt to resolve discovery disputes before formally initiating motion practice or raising disputes with the Court. Rule 37(a) and Local Civil Rules 26.4 and 37.3(a) require the parties to:

> Meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining: (i) what the requesting party is actually seeking; (ii) what the discovering party is reasonably capable of producing that is responsive to the request; and (iii) what specific genuine issues, if any, cannot be resolved without judicial intervention.

Excess Ins. Co., Ltd. v. Rochdale Ins. Co., 2007 U.S. Dist. LEXIS 74193, 2007 WL 2900217, at *12 (S.D.N.Y. 2007).

Plaintiffs have not made a meaningful effort -- or any effort at all -- to meet and confer prior to raising this dispute with the Court despite the fact that "there is no exception to the 'meet and confer' obligations as a precondition to filing discovery motions." Williams v. E. Meadow Union Free Sch. Dist., 2024 U.S. Dist. LEXIS 166546, at *9 (E.D.N.Y. 2024). Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing

of various discovery procedures. Despite the fact that undersigned counsel appeared in this action just last week on July 29, 2025 (Dkt. Doc. 75, 76), Plaintiffs are not exempt from the recognition that the attorney receiving discovery demands generally does have the information or can easily obtain it from the client.

Plaintiffs have not cited any justification for their failure to abide by Rule 37(a) and Local Civil Rules 26.4 and 37.3(a). Accordingly, as a precondition to filing a discovery motion, Defendants respectfully request that the Court direct Plaintiffs to comply with their meet and confer obligations and file a pre-motion letter in accordance with Your Honor's Individual Practice Rules.

Respectfully submitted,

*/s/ Jerome Noll*

Jerome Noll, Esq.

CC:   Geoffrey Potter, Esq.
      Timothy A. Waters, Esq.
      via ECF