

www.pbwt.com

August 5, 2025

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

<u>**Via ECF**</u>
Hon. Ramón E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Gilead Sciences Inc. et al v. City Plus Care Pharmacy Inc. d/b/a Heal the*
        <u>*World Pharmacy, et al*., No. 25-cv-1469 (RER) (RML) (E.D.N.Y.)</u>

Dear Judge Reyes:

As you know, we represent Plaintiffs ("Gilead") in the above-captioned action.  We write in response to the letter filed by Nabila Chaudhary, Qaiser Chaudhary, and Hamza Chaudhary (together, the "Chaudharys" or "Defendants") on August 4, 2025, ECF No. 79, and in further support of Gilead's letter-motion seeking an order requiring Defendants to respond in full to Gilead's propounded discovery, ECF No. 78.[1]

Defendants' letter focuses only on a procedural objection to Gilead's requested order: that Gilead did not meet and confer before filing its letter.  For the reasons stated below, the meet-and-confer requirement does not apply to Gilead's motion.  But the Court need not address the issue, because the parties have now met and conferred, and the dispute remains.

**A.      The Dispute Remains After the Parties Met and Conferred**

Counsel for Gilead and for the Chaudharys held a telephonic meet-and-confer call for nearly one hour this afternoon, where they discussed several issues related to discovery, including Gilead's outstanding discovery demands and the Chaudharys' failure to timely respond to them.  *See* ECF No. 78.  The conversation was amicable, and the parties proceeded in good faith.  Counsel for the Chaudharys, who only recently appeared in this action, stated in sum and substance that they would endeavor, but could not promise, to make a full production next week. Defense counsel further stated they had not yet determined if they could access, collect, and produce any emails within the Defendants' possession, custody, or control, including the citypluscare@gmail.com e-mail account that the Chaudharys have already been ordered to turn

---

[1] Defendants mischaracterize the relief sought by Gilead's August 4, 2025 letter-motion, ECF No. 78, as asking for Defendants to be "expressly warned that discovery shall conclude by August 19, 2025." ECF No. 79 at 1.  The actual relief Gilead seeks is stated in Gilead's letter-motion.

August 5, 2025
Page 2

over to Gilead in full, ECF No. 66. Defense counsel did not agree that the Chaudharys had waived all objections (other than privilege) to Gilead's discovery demands by failing to timely respond.

As Gilead's counsel stated during the call, the Chaudharys made their own bed long before current defense counsel was retained. On the call, Gilead's counsel recounted history of the motions to withdraw of the two prior sets of defense counsel; this Court's ruling that the Chaudhary's former lawyers had to remain on as counsel for several weeks to give them an opportunity to retain new lawyers; and the Chaudharys' decision to proceed *pro se* until current counsel entered their notice of appearance less than three weeks before the close of discovery.

Your Honor is well aware of the Defendants' long history of litigation misconduct, refusals to provide information, and flouting of this Court's orders, despite the efforts of their former counsel. Without assigning any blame to incoming defense counsel, Gilead cannot afford to wait for the Chaudharys' third set of lawyers to attempt to convince their clients to produce documents and information they have been willfully withholding from day one of this litigation. Discovery closes in less than two weeks. Gilead is entitled to a ruling that the Defendants have waived their objections to Gilead's discovery demands, and Gilead is entitled to immediate productions and written responses. Gilead also needs a Court order requiring the Defendants to immediately make those productions, so that Gilead can pursue the remedies available under Fed. R. Civ. Pro. 37(b), among other forms of recourse. In short, the parties were unable to amicably resolve their dispute, and so Gilead's letter-motion to compel, ECF No. 78, stands.

### B.    Gilead Was Not Required to Meet and Confer

Although the issue is now moot, courts excuse the requirement to meet and confer where meeting and conferring would (1) be "futile," or (2) where "temporary exigencies required speedy action." *Leibovitz v. City of New York*, No. 15 Civ. 546 (LGS) (HBP), 2017 WL 462515, at *1 (S.D.N.Y. Feb. 3, 2017); *see also Gibbons v. Smith*, No. 01 CIV. 1224 (LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010) ("[M]any courts have recognized that the meet-and-confer requirement is not a prerequisite to addressing the merits of a discovery motion and that it may be excused where the meet-and-confer would be futile.").

Here, meeting and conferring would have been futile because the Chaudharys' failure to respond to Gilead's discovery demands must be viewed in the light of their ongoing willful contempt of a long series of orders by this Court requiring them to provide documents and information. This includes: the Seizure Order and Asset Freeze Order issued at the outset of this litigation; ECF Nos. 17-18; this Court's April 18 order that Defendants produce "everything responsive to the Court's previous orders, and/or submit an affidavit to the Court explaining what searches were performed and why they do not have what they are required to maintain under law or otherwise," ECF No. 39; and this Court's more recent order that Defendants provide immediate access to the citypluscare@gmail.com account, ECF No. 66. *See Reidy v. Runyon*, 169 F.R.D. 486, 491 (E.D.N.Y. 1997) (excusing meet and confer requirement when defendants had repeatedly violated court orders to comply with discovery demands).

August 5, 2025
Page 3

Moreover, this dispute is not about the scope of discovery or the wording of a document demand: discovery is almost over, and the Chaudharys have responded to nothing and produced nothing in discovery at all.  And the relief Gilead seeks in part – a holding that all objections to Gilead's discovery requests are waived – as a practical matter requires a court ruling.  *See Labarbera v. Absolute Trucking, Inc.,* No. CV 08-4581 DRH AKT, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009); *see also S.E.C. v. Yorkville Advisors, LLC*, No. 12 CIV. 7728 GBD HBP, 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015) ("The meet-and-confer requirement, like Rule 37(a)(5)(A)(i)'s good faith requirement, is 'designed to promote efficiency in litigation,' but where it proves futile and would only result in further delaying resolution of the dispute, it may not be required."); *In re NASDAQ Mkt.-Makers Antitrust Litig.,* No. 94 CIV. 3996 (RWS), 1996 WL 187409, at *2 (S.D.N.Y. Apr. 18, 1996) (excusing meet and confer requirement due to the "imminence" of upcoming case deadlines).

## C.    The Discovery Schedule Must Not Be Extended

Finally, although no request has yet been made, Gilead wishes to express that it very strongly opposes any extension of the discovery schedule.  Gilead expressed this position during the meet-and-confer call.

Even after its prior counsel made what was, by all appearances, a very compelling presentation as to why they should be allowed to withdraw from this action, this Court gave the Chaudharys the benefit of several weeks of additional representation.  This Court also made extremely clear to the Chaudharys the consequences of their failure to timely retain new counsel.  Especially in light of the Chaudhary's continuing contempt of all of the orders the Court has issued in this case, they must not be allowed to benefit from their own discovery malfeasance and eleventh-hour retention of counsel.

## D.    Conclusion

For the reasons stated above, Gilead's August 4, 2025 letter-motion is ripe for decision, and that motion should be granted in full.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters