UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GILEAD SCIENCES, INC. and GILEAD
SCIENCES IRELAND UC,

                    Plaintiffs,

v.

CITY PLUS CARE PHARMACY INC.
D/B/A HEAL THE WORLD PHARMACY,
NABILA CHAUDHARY, QAISER
CHAUDHARY, and HAMZA
CHAUDHARY,

                    Defendants.

Case No.: 1:25-cv-01469 (RER) (RML)

**VERIFIED AMENDED ANSWER WITH
CROSSCLAIMS AND COUNTERCLAIM**

Pursuant to Rule 15(a)(1)(A), Defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY (collectively "Defendants"), by and through their attorneys, Marzec Law Firm, P.C., as and for their Verified Amended Answer with Crossclaims and Counterclaim, allege as follows:

## SUMMARY OF THE ACTION

1.      Defendants deny the allegations in paragraph 1 of the complaint.

2.      Defendants deny the allegations in paragraph 2 of the complaint, including but not limited to that Defendants are the principals of Defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY ("Corporate Defendant" or" pharmacy") and that they "were caught red-handed dispensing counterfeit BIKTARVY" in or about January 2025 given that Defendants Qaiser and Hamza were never principals or shareholders of the pharmacy and Defendant Nabila Chaudhary as President and sole shareholder of the pharmacy, ceased managing or operating the pharmacy when she sold and transferred her ownership interest comprised of all shares for the pharmacy to Shumaila Arslan on January 24, 2022. See Dkt. Doc. 53.

1

3.      Defendants deny the allegations in paragraph 3 of the complaint.

4.      Defendants deny the allegations in paragraph 4 of the complaint.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the complaint.

6.      Defendants deny that the complaint purports to state claims for trademark infringement, false designation of origin, false advertising, trademark dilution, violation of consumer protection laws, and other claims under federal, state, and common law. Defendants deny the remaining allegations in paragraph 6 of the complaint.

**A. PLAINTIFFS**

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint.

**B. DEFENDANTS**

9.      Defendants admit the allegation that Defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY had its principal place of business in Jamaica, Queens, New York and deny the remaining allegations in paragraph 9 of the complaint.

10.      Defendant NABILA CHAUDHARY admits she is an individual residing in Roslyn Heights, New York and was the principal and sole owner and shareholder of the pharmacy from December 20, 2021 to January 24, 2022 and denies the remaining allegations in paragraph 10 of the complaint.

11.     Defendant QAISER CHAUDHARY admits he is an individual residing in Roslyn Heights, New York and is the husband of Defendant NABILA CHAUDHARY and denies the remaining allegations in paragraph 11 of the complaint.

12.     Defendant HAMZA CHAUDHARY admits he is an individual residing in Queens, New York and that he resides in Roslyn heights with his parents Defendants QAISER and NABILA CHAUDHARY and denies the remaining allegations in paragraph 12 of the complaint.

## JURISDICTION AND VENUE

13.     Defendants admit that this Court has subject matter jurisdiction over this action. Defendants deny the remaining allegations in paragraph 13 of the complaint.

14.     Defendants deny that this Court has personal jurisdiction as service of process has not been effectuated and Defendants were not served with a Summons or Complaint. Defendants deny the remaining allegations in paragraph 14 of the complaint.

15.     Defendants admit that they are residents of New York. Defendants deny the remaining allegations in paragraph 15 of the complaint.

16.     Defendants admit that they have transacted business in New York. Defendants deny the remaining allegations in paragraph 16 of the complaint.

17.     Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in paragraph 17 of the complaint.

## FACTUAL ALLEGATIONS

### A. GILEAD'S HIV MEDICINES

18.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 18 of the complaint.

19.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 19 of the complaint.

20.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 20 of the complaint.

21.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 21 of the complaint.

22.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 22 of the complaint.

23.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 23 of the complaint.

24.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 24 of the complaint.

25.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 25 of the complaint.

26.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 26 of the complaint.

27.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 27 of the complaint.

## B. HEAL THE WORLD'S PRINCIPALS

28.     Defendants deny the allegations in paragraph 28 of the complaint.

29.     Defendants deny the allegations in paragraph 29 of the complaint.

30.     Defendants deny the allegations in paragraph 30 of the complaint.

31.     Defendants deny the allegations in paragraph 31 of the complaint.

32.     Defendants deny the allegations in paragraph 32 of the complaint.

## C. HEAL THE WORLD'S SALE OF COUNTERFEIT GILEAD-BRANDED HIV MEDICINE

### 1. The Patient Report

33.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 33 of the complaint.

### 2. Gilead Confirms the Expiration Date is Fake and Obtains the Counterfeit BIKTARVY from the Patient

34.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 34 of the complaint.

35.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 35 of the complaint.

### 3. Gilead's Analysis Confirms the Label is a Counterfeit Replica

36.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 36 of the complaint.

37.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 37 of the complaint.

38.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 38 of the complaint.

39.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 39 of the complaint.

40.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 40 of the complaint.

41.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 41 of the complaint.

42.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 42 of the complaint.

43.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 43 of the complaint.

### 4.  The Counterfeit BIKTARVY Was Missing the Patient Information Outsert

44.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 44 of the complaint.

45.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 45 of the complaint.

### 5.  The Contents of the Counterfeit BIKTARVY Are Unknown, but It Was Not Filled by Gilead

46.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 46 of the complaint.

47.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 47 of the complaint.

48.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 48 of the complaint.

49.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 49 of the complaint.

### 6.  Heal the World Refuses to Disclose Where It Sourced the Counterfeit and Obstructs Gilead's Investigation

50.     Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 50 of the complaint. Defendants Qaiser and Hamza were never principals

or shareholders of the pharmacy and Defendant Nabila Chaudhary was President and sole shareholder of the pharmacy until January 24, 2022 when she sold and transferred her ownership interest comprised of all shares for the pharmacy to Shumaila Arslan.

51. Defendant HAMZA CHAUDHARY admits that he is not the owner of the pharmacy and Defendants deny the remaining allegations in paragraph 51 of the complaint.

52. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 52 of the complaint.

53. Defendants deny the allegations in paragraph 53 of the complaint that they obstructed Gilead's investigation and refused to provide any information about the counterfeit they sold.

54. Defendants deny the allegations in paragraph 54 of the complaint.

## D. THE COUNTERFEIT LABEL IS DIFFICULT TO DETECT AND INDICATES A BROADER COUNTERFEITING SCHEME

55. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 55 of the complaint.

56. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 56 of the complaint.

57. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 57 of the complaint.

58. Defendants deny knowledge or information sufficient to form a response to the allegations in paragraph 58 of the complaint.

## FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(A))
**(Against all Defendants)**

59.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

60.     The allegations contained in paragraph 60 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

61.     The allegations contained in paragraph 61 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

62.     The allegations contained in paragraph 62 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

63.     The allegations contained in paragraph 63 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

64.     The allegations contained in paragraph 64 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

65.     The allegations contained in paragraph 65 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
## <u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(B))</u>
### (Against all Defendants)

66. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

67. The allegations contained in paragraph 67 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

68. Defendants deny the allegations in paragraph 68 of the complaint.

69. The allegations contained in paragraph 69 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

70. The allegations contained in paragraph 70 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

71. The allegations contained in paragraph 71 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

72. The allegations contained in paragraph 72 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

73. The allegations contained in paragraph 73 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
## <u>FALSE DESCRIPTION AND DESIGNATION OF ORIGIN IN COMMERCE</u>
### (Against all Defendants)

74. Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

75. The allegations contained in paragraph 75 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

76. The allegations contained in paragraph 76 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

77. The allegations contained in paragraph 77 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

78. The allegations contained in paragraph 78 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

79. The allegations contained in paragraph 79 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

80. The allegations contained in paragraph 80 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF
## FEDERAL FALSE ADVERTISING
### (Against all Defendants)

81.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

82.     The allegations contained in paragraph 82 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

83.     The allegations contained in paragraph 83 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

84.     The allegations contained in paragraph 84 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

85.     The allegations contained in paragraph 85 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

86.     The allegations contained in paragraph 86 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

87.     The allegations contained in paragraph 87 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

88.     The allegations contained in paragraph 88 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
## NEW YORK DECEPTIVE BUSINESS PRACTICES
### (Against all Defendants)

89.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

90.     Defendants deny the allegations in paragraph 90 of the complaint.

91.     The allegations contained in paragraph 91 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

92.     The allegations contained in paragraph 92 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF
## COMMON-LAW UNFAIR COMPETITION
### (Against all Defendants)

93.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

94.     The allegations contained in paragraph 94 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

95.     The allegations contained in paragraph 95 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

96.     The allegations contained in paragraph 96 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

97.     The allegations contained in paragraph 97 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF
## COMMON-LAW UNJUST ENRICHMENT
### (Against all Defendants)

98.     Defendants repeat and reallege the responses to allegations in all preceding paragraphs as if set forth at length herein.

99.     Defendants deny the allegations in paragraph 99 of the complaint.

100.    The allegations contained in paragraph 100 of the complaint state conclusions of law to which no response is required. To the extent that further response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the judgment and relief requested in the complaint and in the Prayer for Relief. The Prayer for Relief, including the relief requested in all sub-paragraphs, should be denied, and Plaintiffs should take nothing. To the extent that further response is required, Defendants deny the allegations, deny all of Plaintiffs' allegations of wrongdoing, deny that Plaintiffs are entitled to any relief whatsoever and deny any remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Without any admissions as to burden of proof, and expressly reserving their right to assert additional defenses, Defendants state the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' alleged conduct has not, does not and will not infringe Plaintiffs' rights in the Gilead Marks and Gilead Trade Dress. Defendants and each of them have not infringed and are not infringing, have not induced and are not inducing others to infringe, and have not contributed to and are not contributing, to the infringement of Plaintiffs' rights in the Gilead Marks and Gilead Trade Dress.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Complaint, any acts or omissions by Defendants were in conformance with all applicable laws, codes, regulations, industry standards and practices, and based upon the state of knowledge existing at the time such actions were taken.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver and license.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and request for relief, including damages and in injunction, are unenforceable, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under New York General Business Law § 360-1 is barred by the statute of limitations and Plaintiffs' remaining claims fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and request for relief, including damages and in injunction, are barred by the equitable doctrine of laches.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable or other relief are barred because Plaintiffs have an adequate and complete remedy at law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs did not effectuate proper service upon Defendants.

## TENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert the limitations of liability for non-economic loss set forth in New York Civil Practice Law and Rules § 1601.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a necessary party to the instant action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any judgment Plaintiffs obtain against the answering Defendants are subject to a reduction pursuant to General Obligations Law § 15-108(a).

## FOURTEENTH AFFIRMATIVE DEFENSE

### Reservation of Rights

Defendants reserve the right to allege additional affirmative defenses as they become known through the course of discovery.

## FIRST CROSSCLAIM
### (Contribution)

1.      If Plaintiffs sustained the damages as alleged in the Complaint, said damages were caused as a result of the acts, conduct or omissions of co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY without any fault on the part of defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY contributing thereto.

2.      If Plaintiffs recover judgment against defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY, said defendants are entitled to indemnity and contribution by co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY, to have judgment over and against it for any judgment that may be recovered by Plaintiffs against defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY, or for that portion shown to be the responsibility of co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY.

## SECOND CROSSCLAIM
### (Indemnification)

3.    By contract co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY agreed to defend and indemnify defendant NABILA CHAUDHARY from all claims arising from the performance of her duties under the Asset Purchase Agreement dated December 20, 2021 and Bill of Sale executed on January 24, 2022.

4.    Accordingly, co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY is contractually obligated to provide defendant NABILA CHAUDHARY with a defense to the subject action and to indemnify her for amounts recovered by Plaintiffs, if any, as well as such costs, attorneys fees and disbursements as may be incurred by defendant NABILA CHAUDHARY in defense of this action.

## THIRD CROSSCLAIM
### (Breach of Contract)

5.    Defendant Nabila Chaudhary and co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY are parties to the Asset Purchase Agreement ("APA") for the sale of the pharmacy.

6.    The APA was supported by valuable consideration.

7.    Defendant Nabila Chaudhary fully performed under the terms of the APA.

8.    Co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY materially breached the APA by, among other things, failing to pay the remaining balance of the purchase price for the pharmacy.

9.    Pursuant to the APA, there is a duty to indemnify, defend and hold harmless Defendant Nabila Chaudhary against and with respect to any and all losses resulting from any claim, action, suit, proceeding or investigations and from any non-fulfillment of any obligation

under the APA, including payment of the remaining balance of the purchase price for the pharmacy.

10.     Pursuant to the APA, the remaining balance was to be paid in full by January 24, 2025.

11.     Despite demands for payment of the remaining balance of the purchase price, co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY has made no payments and defaulted on the payment obligations under the APA and Bill of Sale.

12.     Defendant Nabila Chaudhary has been damaged by virtue of the foregoing breach of contract

13.     Accordingly, co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY is liable for payment of the remaining balance due for the purchase price of the pharmacy and is thus liable for breach of contract.

Please take notice that pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendants hereby demand an answer to the crossclaims contained herein.

WHEREFORE, Defendants respectfully requests that the Court dismiss the Complaint in its entirety, and, in the alternative, that it grant judgment over and against co-defendant CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY for any judgment that may be rendered against Defendants, together with reasonable costs and attorney's fees, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY (collectively "Defendants") assert the following Counterclaim against Plaintiffs GILEAD SCIENCES, INC.

and GILEAD SCIENCES IRELAND UC (collectively "Gilead" or "Plaintiffs"), and allege as follows upon knowledge with respect to themselves and their own acts, and upon information and belief with respect to all other matters:

## PARTIES

1. Plaintiff Gilead Sciences, Inc. is a public corporation organized under the laws of the State of Delaware, with its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

2. Plaintiff Gilead Sciences Ireland UC is a private unlimited company organized under the laws of Ireland, with its principal place of business at IDA Business & Technology Park, Carrigtwohill, Co. Cork, Ireland.

3. Defendant Nabila Chaudhary is an individual residing in Roslyn Heights, New York and was not a supervisor, manager, owner, shareholder or agent of the pharmacy in January 2025 when a customer allegedly picked up a bottle of counterfeit BIKTARVY® purporting to contain 30 tablets from Heal the World. On January 24, 2022, almost three (3) years prior to the date of the subject incident, the pharmacy was sold and transferred by Nabila Chaudhary to Shumaila Arslan and Nabila Chaudhary ceased managing or operating the pharmacy on that date. As such, Defendant Nabila Chaudhary did not supervise, ratify, and/or personally participate in the trafficking of counterfeit Gilead-branded medicines and has been wrongly named as a party defendant in Plaintiffs' Complaint.

4. Defendant Qaiser Chaudhary is an individual residing in Roslyn Heights, New York, and is the husband of Nabila Chaudhary. He is not and was never a principal and corporate officer of Heal the World and did not supervise, ratify, and/or personally participate in the trafficking of counterfeit Gilead-branded medicines.

5.     Defendant Hamza Chaudhary is an individual residing in Roslyn Heights, New York and is the son of Qaiser and Nabila Chaudhary. He is not responsible for day-to-day operations of Heal the World and never supervised, ratified, and/or personally participated in the trafficking of counterfeit Gilead-branded medicines.

## JURISDICTION AND VENUE

6.     This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 *et seq.* and New York common law.

7.     This Court has subject matter jurisdiction over all parties pursuant to 28 U.S.C. § 1331, 1338, and 1367 and general principles of ancillary and pendent jurisdiction.

8.     This Court has personal jurisdiction over Plaintiffs as they commenced this action in this Court and therefore consent to personal jurisdiction with respect to any counterclaims filed against them.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as Plaintiffs commenced this action in this Court and therefore consent to venue with respect to any counterclaims filed against them. Further, venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because at least one defendant resides in this judicial district. Moreover, a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

10.     On March 17, 2025, Plaintiffs sued Defendants in this judicial district alleging infringement under the Lanham Act and other related claims.

11.     The Complaint alleges that Defendants Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary are the principals of Defendant City Plus Care Pharmacy Inc. d/b/a/ Heal the World Pharmacy and that in January 2025 the pharmacy allegedly dispensed counterfeit

BIKTARVY®, a one-pill-a-day Gilead-branded medicine that treats HIV, to a pharmacy customer.

12.     Defendant Nabila Chaudhary transferred her ownership interest in the pharmacy in 2022.

13.     Specifically, on or around January 23, 2019, Heal the World Pharmacy Inc. sold the pharmacy through an Asset Sale Agreement to City Plus Care Pharmacy, Inc.

14.     The Bill of Sale was executed on March 11, 2019.

15.     On December 20, 2021, Nabila Chaudhary, as President and sole shareholder of the pharmacy, executed an Asset Purchase Agreement for the sale of the pharmacy to Shumaila Arslan.

16.     On January 24, 2022, Nabila Chaudhary executed a Bill of Sale for the pharmacy, selling all 200 shares to Shumaila Arslan.

17.     In exchange for the sale of the pharmacy and all shares for the pharmacy, Nabila Chaudhary received from Shumaila Arslan a $100,000 check as an initial downpayment.

18.     The pharmacy's K-1s for 2019, 2020, and 2021 confirm that Nabila Chaudhary was the sole owner of the pharmacy.

19.     Contrary to the allegations in the Complaint, Defendants Qaiser Chaudhary and Hamza Chaudhary were never officers or principals of the pharmacy and never purchased or owned any shares of the pharmacy.

20.     The current National Provider Identifier ("NPI") for the pharmacy lists Shumaila Arslan as the owner of the pharmacy, consistent with the Asset Purchase Agreement dated December 20, 2021 and Bill of Sale dated January 24, 2022.

21.     Shumaila Arslan is the sole owner of the pharmacy and has been the sole owner of the pharmacy from January 22, 2022 until the present.

22.     Hamza Chaudhary never owned any interest in the pharmacy and does not appear on any public filings.

23.     Hamza Chaudhary was not listed as an owner in the purchase documents for the pharmacy, in the sale documents for the pharmacy, or in the tax documents for the Pharmacy.

24.     Hamza Chaudhary was an employee of the pharmacy during his mother's ownership and during the ownership and operation of the pharmacy by Shumaila Arslan.

25.     The Complaint cites to two documents dated more than three (3) years ago in support of the allegations that Defendants are principals and current owners of the pharmacy: an NPI dated March 10, 2022 and a filing with the New York Department of State that occurred on April 2, 2019.

26.     Defendants do not own the pharmacy and should not be named as party defendants to this action.

27.     Defendants Qaiser and Hamza Chaudhary were never principals, shareholders or owners of the pharmacy and Defendant Nabila Chaudhary has not owned the pharmacy since January 2022.

28.     Defendants were not involved in the sale of counterfeit Gilead-branded HIV medicines to pharmacy customers in this judicial district as the pharmacy has been owned and operated by Shumaila Arslan since January 2022.

### COUNTERCLAIM I
(Declaratory Judgment of Non-Infringement against Gilead)

29.     Defendants repeat, re-allege, and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

30.     Plaintiffs failed to conduct a proper pre-litigation investigation into the facts and law.

31.     Plaintiffs made false assertions in their Complaint for the purpose of attempting to state claims against the answering defendants and to obtain temporary injunctive relief, including a seizure order.

32.     Plaintiffs knowingly asserted claims for violations of the Lanham Act based upon marks they knew could not have been infringed by Defendants.

33.     Defendants have not infringed or otherwise violated any rights in the Gilead Marks and Gilead Trade Dress.

34.     Defendants seek a declaratory judgment of no likelihood of infringement and non-infringement of the Gilead Marks and Gilead Trade Dress or otherwise violated Plaintiffs' rights in the Gilead Marks and Gilead Trade Dress under the Lanham Act, New York common law, or New York statutory law.

35.     Defendants and Plaintiffs have adverse legal interests, and there is a substantial controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the non-infringement of the Gilead Marks and Gilead Trade Dress.

36.     A present, genuine, and justiciable controversy exists between the parties.

37.     Defendants are entitled to a judicial declaration of non-infringement and a declaratory judgment is narrowly tailored to address the allegations in this action.

38.     Accordingly, there is an actual, substantial, and continuing justiciable case and controversy between Defendants and Plaintiffs over which this Court can and should exercise jurisdiction and declare the rights of the parties.

39.     Defendants respectfully request that the Court enter judgment in their favor and dismiss the Complaint and all claims therein against answering defendants along with such other and further relief as the Court may deem just and proper.

**WHEREFORE,** Defendants respectfully demand judgment in their favor and against Plaintiffs and a money judgment entered for all damages available to them, including but not limited to attorneys' fees and costs, and dismissal of Plaintiffs' Complaint in its entirety and any other relief that the Court deems just and proper.

Dated: August 7, 2025

<div style="margin-left: 40%;">

**MARZEC LAW FIRM, P.C.**

By: */s/ Darius A. Marzec*
Darius A. Marzec, Esq.
Jerome Noll, Esq.
776A Manhattan Avenue, Suite 104
Brooklyn, NY 11222
718-609-0303
dmarzec@marzeclaw.com

</div>

To:  Geoffrey Potter, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
gpotter@pbwt.com

## VERIFICATION

I, NABILA CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Amended Answer with Crossclaims and Counterclaim to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: August 7, 2025

_____
NABILA CHAUDHARY

## VERIFICATION

I, HAMZA CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Amended Answer with Crossclaims and Counterclaim to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: August 7, 2025

_____
HAMZA CHAUDHARY

## VERIFICATION

I, QAISER CHAUDHARY, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I am a defendant in the foregoing action. I have read the foregoing Amended Answer with Crossclaims and Counterclaim to Plaintiffs' Complaint and know the contents thereof. The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief.

Dated: August 7, 2025

QAISER CHAUDHARY