

August 15, 2025

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**Via ECF**
Hon. Ramón E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     ***Gilead Sciences Inc. et al. v. City Plus Care Pharmacy Inc. d/b/a Heal the
World Pharmacy, et al.*, No. 25-cv-1469 (RER) (RML) (E.D.N.Y.)**

Dear Judge Reyes:

As you know, we represent Plaintiffs (together, "Gilead") in the above-captioned action.
Gilead respectfully submits this letter-motion for a protective order pursuant to Fed. R. Civ. P.
26(c), and specifically to quash the Rule 30(b)(6) deposition notice served upon Gilead by
Nabila Chaudhary, Qaiser Chaudhary, and Hamza Chaudhary (together, "Defendants"), noticed
to occur this Monday, August 18,[1] and attached hereto as Exhibit A.[2]

### A.  The 30(b)(6) Notice Should Be Quashed in Its Entirety as Grossly Untimely

Defendants served the operative 30(b)(6) deposition notice, listing 22 topics for
deposition, on Monday, August 11 after business hours, at approximately 7:00 p.m.[3]   Exhibit C

---

[1] The notice says "May 18," but the typo is immaterial; there is no dispute that August 18 was intended.

[2] The undersigned counsel certifies that the parties held a 45-minute meet-and-confer call on August 13 in
a good-faith attempt to resolve the dispute.  The parties were able to make some headway on some
individual topics and agreed to revisit others, but were unable to resolve their dispute on the overarching
issue presented here: the grossly untimely nature of Defendants' deposition notice.  If the Court were to
allow the deposition to go forward in any capacity – and for the reasons stated below, the Court should
not – Gilead reserves its right to seek a further protective order or other relief with regard to particular
topics or any other issue not directly addressed in this letter-motion.

[3] New counsel originally served a 30(b)(6) notice on July 31, 2025 with a single topic: "any and all
factual allegations set forth in Plaintiffs' Complaint against these Defendants."  Exhibit B. That "topic"

at 1.  The deposition is noticed for Monday, August 18 at 10:00 a.m.  Discovery closes on August 19.  Defendants have previously scheduled a third-party deposition to occur on August 19, making August 18 the last day on which Gilead's 30(b)(6) deposition could occur.

On the parties' meet-and-confer call, counsel for Defendants stated multiple times that he believed these 22 topics would require Gilead to produce multiple witnesses.  Counsel for Defendants also declined to permit the deposition to occur by Zoom, despite the fact that any Gilead witnesses would be located in California.

Defendants' 30(b)(6) deposition notice is grossly untimely and must be quashed.  The analysis is not complicated.  Rule 30(b)(1) requires deposition notices be given with "reasonable written notice to every other party."  And unlike the rules governing other fact depositions, Rule 30(b)(6) requires the parties to meet and confer on the noticed deposition topics and places an affirmative duty on the noticed corporation to adequately prepare a witness or witnesses to testify as to the corporation's knowledge on those topics.  It necessarily follows that the "reasonable written notice" to a 30(b)(6) deponent must build in sufficient time for that additional preparation, on top of the normal concerns about scheduling.

Here, Defendants have allowed four business days for Gilead to: (1) review the 22 topics; (2) hold the mandatory meet-and-confer session – which, despite Gilead's best efforts, defense counsel said could not occur until 4:00 p.m. on Wednesday the 13th, leaving two business days after the meet-and-confer call for everything else, Exhibit D; (3) identify an appropriate witness – or, according to defense counsel, multiple witnesses; (4) gather the necessary facts to prepare the witness(es); (5) in fact adequately prepare the witness(es); and (6) fly the witness(es) across the country to sit for a deposition in Brooklyn at 10:00 in the morning.  That is facially absurd – and, for all practical purposes, impossible.  The prejudice to Gilead is extreme and obvious.

The grossly unreasonable nature of the notice given, and the resulting prejudice to Gilead, is compounded by the overbreadth of the deposition topics, which is presumably why defense counsel insisted multiple witnesses would be needed.  For example, Topic No. 7 demands a witness to testify about Gilead's "[k]nowledge of other counterfeit Gilead medicines

---

was obviously improper.  *E.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022).  After Gilead objected on August 5, Defendants "proposed" changing the 30(b)(6) topic to "any and all factual bases for Plaintiffs' claims" that, in essence, the Defendants were liable for selling counterfeits.  Exhibit C at 3.  That too was obviously improper, and Gilead so informed the Defendants.  *E.g.*, *DDK*, 2022 WL 2702378, at *13-14.  Defendants subsequently served the 22 topics at issue in this motion.  None of the two sets of previously served/proposed topics gave Gilead any opportunity to actually identify and prepare a witness, even if those topics had not been deficient on their face.  Gilead said as much to Defendants at the time.

and counterfeiters," including specifically the counterfeits and over 100 counterfeiters at issue in the massive and ongoing *Safe Chain* litigation (*"Gilead I"*), with which Your Honor is familiar, as well as the follow-up *Gilead II* action pending before Judge Merle.

Unsurprisingly, on the rare occasions when parties pull a stunt like this in federal court, district courts do not hesitate to quash the noticed deposition with prejudice. *Protegrity Corp. v. Voltage Sec., Inc*., No. 3:10-CV-755 RNC, 2013 WL 6880597, at *2 (D. Conn. Dec. 31, 2013) (quashing 30(b)(6) notice with "twenty-six broad topics" served with four days left in discovery period, and denying motion to extend discovery to permit deposition); *see also, e.g.*, *Ravikant v. Rohde*, No. 21CV4758GHWOTW, 2022 WL 1177342, at *2 (S.D.N.Y. Mar. 18, 2022) (granting motion for a protective order where 30(b)(6) deposition was noticed only four business days before deposition date). The Court should do the same here.

**B. Discovery Must Not Be Extended**

If this Court quashes the 30(b)(6) notice, Defendants will no doubt move for an extension of discovery. As Gilead has previously expressed to the Court – and to Defendants on multiple meet-and-confer calls with their new counsel – Gilead opposes any extension of the fact discovery deadline to allow Defendants additional time to seek discovery. The Court is familiar with the Defendants' extreme and willful pattern of flouting this Court's orders and the discovery rules in this action. At this stage it is imperative that Defendants' behavior not be rewarded by granting them additional time after they intentionally squandered their opportunity to comply with this Court's orders and participate in discovery. This situation is entirely of the Defendants' own making, and Your Honor has repeatedly warned them that they would have to live with the consequences of their behavior.

The fact that Defendants waited until the very end of discovery to hire new counsel does not change the calculus. The Defendants made the decision to neither hire counsel nor comply with this Court's orders or their discovery obligations for months. Their last-minute hiring of new counsel does not excuse their months of litigation misconduct (both while represented and while *pro se*), does not obviate the resulting prejudice to Gilead, and provides no basis to extend Defendants' discovery deadline. And in any event, while the Defendants made their own beds well before new counsel was retained, counsel is not blameless with regard to the deposition notice at issue: they filed their notices of appearance in July, but did not serve the operative 30(b)(6) notice until after business hours on August 11.

In sum, there is absolutely no excuse for Defendants' grossly untimely 30(b)(6) notice, and by virtue of months of continuous litigation misconduct over three sets of counsel, the Defendants have long since destroyed any ability they might have had to credibly beg the Court for an extension of time. The Court should issue the requested protective order, hold that the notice is quashed with prejudice, and deny any attempt by Defendants to extend discovery.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GILEAD SCIENCES, INC. and GILEAD SCIENCES
IRELAND UC,

        Plaintiffs,

- against -

CITY PLUS CARE PHARMACY INC. D/B/A HEAL
THE WORLD PHARMACY, NABILA CHAUDHARY,
QAISER CHAUDHARY, and HAMZA CHAUDHARY,

        Defendants.
--------------------------------------------------------------------X

Case No.: 1:25-cv-01469-RER-RML

**AMENDED NOTICE OF
DEPOSITION PURSUANT
TO RULE 30(b)(6)**

To:    Timothy A. Waters, Esq.
       Patterson Belknap Webb & Tyler, LLP
       1133 Avenue of the Americas
       New York, NY 10036
       (212) 336-2000
       twaters@pbwt.com

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil
Procedure ("FRCP") and Local Civil Rule 30.1, Defendants NABILA CHAUDHARY, QAISER
CHAUDHARY and HAMZA CHAUDHARY (collectively, "Defendants") will conduct a
deposition by remote videoconference before an officer qualified to administer oaths and to be
recorded by stenographer of Plaintiff GILEAD SCIENCES, INC., ("Plaintiff" or "Gilead"),
commencing at 10:00 A.M. on May 18, 2025, and continuing from day to day until complete. The
deposition shall be by oral examination, with a written record made thereof, before a notary public
or before some other officer authorized by law to administer oaths.

**PLEASE TAKE NOTICE** that this Notice of Deposition supplements Defendants' prior
Notice of Deposition pursuant to Rule 30(b)(6) to Plaintiff Gilead served and dated July 31, 2025.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the FRCP, Gilead is obligated
to designate one or more persons to testify on its behalf with respect to the matters as set forth in
the instant action. The individual(s) so designated shall be required to testify as to each of those
matters known or reasonably available to Plaintiff.

It is hereby requested that prompt notification in writing be given to counsel for Defendants
as to the name, address, telephone number, capacity and job title of the individual(s) so designated
to testify and matters on which the individual(s) will testify.

To the extent that Gilead has not already produced the documents requested, Defendants

1

request that Plaintiff produce the documents on or before August 15, 2025, or on an agreed upon date between the parties.

Dated: August 11, 2025
      Brooklyn, New York

                                 **MARZEC LAW FIRM, P.C.**

                        By:    */s/ Jerome Noll*
                               Jerome Noll, Esq.
                               Joshua N. Rubin, Esq.
                               Darius A. Marzec, Esq.
                               Attorneys for Defendants
                               776A Manhattan Ave., Ste 104
                               (718) 609-0303
                               (718) 841-7508 Fax
                               jerome.noll@marzec.myfirm.pro

# SCHEDULE A

## A. Definitions

1. "Gilead" means Plaintiff GILEAD SCIENCES, INC., ("Plaintiff" or "Gilead"), as well as its officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

2. Defendant City Plus Care Pharmacy Inc. d/b/a/ Heal the World Pharmacy ("pharmacy" or "Heal the World") is the subject retail pharmacy at issue in this action with a principal place of business at 161-45 Baisley Boulevard, Jamaica, NY 11434.

3. "Defendants" includes the three named individual Defendants NABILA CHAUDHARY, QAISER CHAUDHARY and HAMZA CHAUDHARY (collectively, "Defendants").

4. The "relevant time period" is March 2019 through the present date.

5. The "counterfeit BIKTARVY®️ at issue" is the bottle and label that had a pharmacy patient sticker from Heal the World affixed to it which was received from a patient on or about January 29, 2025.

6. DSCSA means the Drug Supply Chain Security Act, 21 U.S.C. §§ 360eee *et seq.*

7. K2 means K2 Integrity operating through K2 Intelligence LLC.

8. The singular form of a noun or pronoun shall be considered to include within its meaning the plural of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice

versa, as necessary, to bring within the scope of the testimony with respect to the matters as set forth herein and in the instant action that would be excluded absent this definition.

9.     "Information" means knowledge learned by or known by Gilead or documents relating to same.

10.     "Including" means "without limitation" and "including but not limited to."

## APPENDIX A

The individual(s) designated by Plaintiffs on Gilead's behalf is obligated under Rule 30(b)(6) of the FRCP to testify with respect to the matters set forth below:

1. Investigations by Gilead and/or anyone on its behalf of any entities and individuals suspected of manufacturing the counterfeit BIKTARVY® at issue, including the results of any such investigations and information regarding the provenance of the counterfeit BIKTARVY® at issue.

2. Basis for Plaintiffs' allegation that Defendants knew or should have known that some or all BIKTARVY® medication dispensed by the pharmacy to customers was counterfeit.

3. Actual and prospective damages incurred by Gilead as a result of counterfeit BIKTARVY® dispensed and/or found to be in the possession of the pharmacy, including the method of calculating each category of damages.

4. Communications between Gilead and any person or entity regarding the counterfeit BIKTARVY® at issue, including dates, participants, method of communication and substance of each communication.

5. Communications between Plaintiffs and Defendants prior to the filing of the instant action, including the date, participants, method of communication and substance of each communication.

6.  Documents and information regarding the counterfeit BIKTARVY® at issue obtained by Gilead prior to the filing of the instant action.

7.  Knowledge of the other counterfeit Gilead medicines and counterfeiters and the more than quarter-billion dollar conspiracy to sell counterfeit Gilead-branded medicines, including those who were criminally indicted, convicted and named as defendants in prior actions before the United States District Court for the Eastern District of New York (EDNY), specifically *Gilead et al. v. Safe Chain et al.*, No. 21-cv-4106 (E.D.N.Y.) ("*Gilead I*") and *Gilead et al. v. Khaim et al.*, No. 24-cv-4259 (E.D.N.Y.) ("*Gilead II*").

8.  The basis for the allegation that Gilead "confirmed that Heal the World sold counterfeit Gilead BIKTARVY®"

9.  Gilead's in-house experts who conclusively determined the entirety of the BIKTARVY® label on the bottle at issue to be a counterfeit reproduction, including of Gilead's registered trademarks.

10. Gilead's analysis of the counterfeit BIKTARVY® bottle and label at issue received from a patient on or about January 29, 2025.

11. Information about the provenance of the counterfeit BIKTARVY® at issue.

12. Pursuant to the DSCSA, the pedigree for any and all BIKTARVY® sold to Heal the World Pharmacy Inc. whose sole shareholder was Defendant Nabila Chaudhary from on or around January 23, 2019 to January 24, 2022 as well as the pedigree for any and all BIKTARVY® sold to City Plus Care Pharmacy, Inc. from January 25, 2022 through the present date, including required pedigree or T3 documents and chain of custody information, including manufacturers and "authorized" trading partners.

13. Gilead's Quality Assurance team who called the pharmacy in January 2025.

14. Gilead's anti-counterfeiting team who wrote and/or sent an email to the email address provided by the pharmacy with the subject line "Counterfeit Bottle of BIKTARVY® Dispensed by Heal the World Pharmacy".

15. K2's investigation of City Plus Care Pharmacy Inc. d/b/a Heal the World Pharmacy.

16. Gilead's investigators, including P. McAllister, who visited Heal the World at its store location and confirmed it is an open, active business and noted that a computer was visible in the pharmacy area

17.

18. Individuals, agents, officers, principals, owners and shareholders for Heal the World from 2019 through the present date identified and/or named in Public Records and NPI listings.

19. The dates of online posts, listings, reviews and advertisements wherein Defendant's names appear.

20. Email address(es) and phone number(s) belonging to or associated with any of the Defendants.

21. Pursuant to the Court's ex-parte seizure order, medicines and documents concerning the manufacture, sale, and distribution of counterfeit HIV medicines removed or obtained from the seizure at Heal the World's retail store location at 161-45 Baisley Boulevard, Jamaica, NY 11434, including electronic records relating to the counterfeit BIKTARVY® at issue and/or any records of other counterfeits and the patients to which they were dispensed.

22. Gilead's policy relating to the preservation, retention and/or destruction of documents, including business records.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY, NABILA CHAUDHARY, QAISER CHAUDHARY, and HAMZA CHAUDHARY,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-01469-RER-RML<br><br>**NOTICE OF DEPOSITION** |

To:　　Geoffrey Potter, Esq.
　　　　PATTERSON BELKNAP WEBB & TYLER LLP
　　　　1133 Avenue of the Americas
　　　　New York, NY 10036-6710

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure ("FRCP") and Local Civil Rule 30.1, Defendants NABILA CHAUDHARY, QAISER

CHAUDHARY, and HAMZA CHAUDHARY (referred to herein as "these Defendants"), by their

undersigned counsel, will conduct a deposition by remote videoconference before an officer

qualified to administer oaths and to be recorded by stenographer of Plaintiff GILEAD SCIENCES,

INC., commencing at 10:00 A.M. on August 18, 2025, and continuing from day to day until

complete. The deposition shall be by oral examination, with a written record made thereof, before

a notary public or before some other officer authorized by law to administer oaths.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Rule 30(b)(6) of the FRCP,

Plaintiff is obligated to designate one or more persons to testify on its behalf with respect to any

and all factual allegations set forth in Plaintiffs' Complaint against these Defendants. The

1

individual(s) so designated shall be required to testify as to each of those matters known or reasonably available to Plaintiff.

It is hereby requested that prompt notification in writing be given to these Defendants' undersigned counsel as to the name, address, telephone number, capacity and job title of the individual(s) so designated to testify.

Dated: July 31, 2025
      Brooklyn, New York          **MARZEC LAW FIRM, P.C.**

By:    _/s/ Daius Marzec_____
        Darius A. Marzec, Esq.
        *Attorneys for Defendants*
        *NABILA CHAUDHARY, QAISER*
        *CHAUDHARY, and HAMZA*
        *CHAUDHARY*
        776A Manhattan Ave., Ste 104
        (718) 609-0303
        (718) 841-7508 Fax
        dmarzec@marzeclaw.com

# EXHIBIT C

| | |
|---|---|
| **From:** | Jerome Noll |
| **To:** | Waters, Timothy (x7601) |
| **Cc:** | Blum, Anna (x2027); "DM"; Joshua Rubin |
| **Subject:** | Gilead Sciences, Inc. et al. v. City Plus Care Pharmacy Inc, et al.; Case No.: 1:25-cv-01469 (RER) (RML) |
| **Date:** | Monday, August 11, 2025 6:56:49 PM |
| **Attachments:** | CHAUDHARY AMEND 30(B)(6) DEP05176220250811185525.pdf |

**External: Think before you click.**

Tim – please see attached an amended 30(b)(6) Notice of Deposition with Schedule A for Gikead's deposition on May 18, 2025 at 10:00 AM. Feel free to contact me if you have any questions.

Jerome Noll, Esq.
Marzec Law Firm, P.C.
776A Manhattan Ave, Suite 104
Brooklyn, NY 11222
(718) 609-0303
jerome.noll@marzec.myfirm.pro

---

**From:** Waters, Timothy (x7601) <twaters@pbwt.com>
**Sent:** Monday, August 11, 2025 12:28 PM
**To:** Joshua Rubin <joshua.rubin@marzec.myfirm.pro>
**Cc:** Blum, Anna (x2027) <ablum@pbwt.com>; Jerome Noll <jerome.noll@marzec.myfirm.pro>; dariusmarzec@gmail.com; dmarzec@marzeclaw.com
**Subject:** RE: Gilead v. City Plus Care

Hi Josh,

I'll respond separately about the third-party depositions.  As to your proposed revised 30(b)(6) topics, as you suspected, we remain at an impasse.  We discussed at some length on our prior call Gilead's position that it is not appropriate for the defendants to demand a 30(b)(6) witness to testify about facts that are in your clients' control, not Gilead's – especially given that your clients have not participated in discovery and remain in contempt of numerous court orders to provide information to Gilead.  These new topics are essentially contention interrogatories in 30(b)(6) form, and for the reasons we discussed, Gilead objects.

I don't have any counterproposals for you: I think we simply have a fundamental disagreement about the appropriate use of 30(b)(6) testimony in a case like this.  Based on your email below and our previous phone conversation, I think we're at the point where we need to let Judge Reyes decide this one, and we'll proceed with a motion to quash.  If you disagree and think we should have another call, please let me know what times you are available today.

Best,

Tim

**Timothy A. Waters**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.7601 | F: 212.336.1280
[twaters@pbwt.com](mailto:twaters@pbwt.com) | [www.pbwt.com](http://www.pbwt.com)

---

**From:** Joshua Rubin <[joshua.rubin@marzec.myfirm.pro](mailto:joshua.rubin@marzec.myfirm.pro)>
**Sent:** Friday, August 8, 2025 3:09 PM
**To:** Waters, Timothy (x7601) <[twaters@pbwt.com](mailto:twaters@pbwt.com)>
**Cc:** Blum, Anna (x2027) <[ablum@pbwt.com](mailto:ablum@pbwt.com)>; Jerome Noll <[jerome.noll@marzec.myfirm.pro](mailto:jerome.noll@marzec.myfirm.pro)>; [dariusmarzec@gmail.com](mailto:dariusmarzec@gmail.com); [dmarzec@marzeclaw.com](mailto:dmarzec@marzeclaw.com)
**Subject:** RE: Gilead v. City Plus Care

**External: Think before you click.**

Good afternoon, Tim,

I have not heard back from either Ms. Arslan or Mr. Ali.

I propose to narrow the scope of our subpoena from "any and all factual allegations set forth in Plaintiffs' Complaint against these Defendants" to

> any and all factual bases for Plaintiffs' claims that each of Defendants Qaiser Chaudhary, Hamsa Chaudhary, and Nabila Chaudhary:
>
>> dispensed, supervised, ratified, and/or personally participated in the trafficking of counterfeit BIKTARVY; and
>>
>> personally benefited from the trafficking of counterfeit BIKTARVY; and
>>
>> failed to exercise their authority to stop it.

If this does not work for you, I suspect that we will have to let Judge Reyes decide, but I am open to counterproposals.

Best,

# EXHIBIT D

<mark>**External: Think before you click.**</mark>

We can't do today anymore. Let's schedule tomorrow afternoon at 4 or after. Please advise on availability.

Darius Marzec

On Tue, Aug 12, 2025 at 3:52 PM Waters, Timothy (x7601) <twaters@pbwt.com> wrote:

> I suggested 7:00 because Darius proposed "late today, say 6:30pm." Given that 22 new 30(b)(6) topics were served yesterday after business hours, less than a week before the noticed deposition, I would prefer to speak today. Is there a time that works today besides 6:30?
>
>
> **Timothy A. Waters**
>
> Partner
>
> **Patterson Belknap Webb & Tyler LLP**
>
> 1133 Avenue of the Americas | New York, NY 10036
>
> T: 212.336.7601 | F: 212.336.1280
>
> twaters@pbwt.com | www.pbwt.com
>
>
>
> ---
>
> **From:** Jerome Noll <jerome.noll@marzec.myfirm.pro>
> **Sent:** Tuesday, August 12, 2025 3:48 PM
> **To:** Waters, Timothy (x7601) <twaters@pbwt.com>; DM <dariusmarzec@gmail.com>; Blum, Anna (x2027) <ablum@pbwt.com>
> **Cc:** Joshua Rubin <joshua.rubin@marzec.myfirm.pro>; dmarzec@marzeclaw.com
> **Subject:** Gilead v. City Plus Care
>
>
> <mark>**External: Think before you click.**</mark>

Tim – tonight at 7:00 PM does not work. Are you available tomorrow afternoon for a telephonic meet and confer?

Jerome Noll, Esq.

Marzec Law Firm, P.C.

776A Manhattan Ave, Suite 104

Brooklyn, NY 11222

(718) 609-0303

jerome.noll@marzec.myfirm.pro

---

**From:** Waters, Timothy (x7601) <twaters@pbwt.com>
**Sent:** Tuesday, August 12, 2025 3:31 PM
**To:** DM <dariusmarzec@gmail.com>; Blum, Anna (x2027) <ablum@pbwt.com>
**Cc:** Joshua Rubin <joshua.rubin@marzec.myfirm.pro>; Jerome Noll <jerome.noll@marzec.myfirm.pro>; dmarzec@marzeclaw.com
**Subject:** RE: Gilead v. City Plus Care

I can speak at 7:00 tonight. We also need to add to the agenda for that call a meet-and-confer on the revised 30(b)(6) topics that were served yesterday evening. Please let me know if that works.

Best,

Tim

**Timothy A. Waters**

Partner

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas | New York, NY  10036

T: 212.336.7601 | F: 212.336.1280

[twaters@pbwt.com](mailto:twaters@pbwt.com) | [www.pbwt.com](http://www.pbwt.com)

---

**From:** DM <[dariusmarzec@gmail.com](mailto:dariusmarzec@gmail.com)>
**Sent:** Tuesday, August 12, 2025 1:06 PM
**To:** Blum, Anna (x2027) <[ablum@pbwt.com](mailto:ablum@pbwt.com)>
**Cc:** Joshua Rubin <[joshua.rubin@marzec.myfirm.pro](mailto:joshua.rubin@marzec.myfirm.pro)>; Waters, Timothy (x7601)
<[twaters@pbwt.com](mailto:twaters@pbwt.com)>; Jerome Noll <[jerome.noll@marzec.myfirm.pro](mailto:jerome.noll@marzec.myfirm.pro)>;
[dmarzec@marzeclaw.com](mailto:dmarzec@marzeclaw.com)
**Subject:** Re: Gilead v. City Plus Care

> **External: Think before you click.**

We will provide the information we obtained via response to the outstanding demands that
will be served upon you in short order. We have noticed a deposition and intend to take our
deposition. You're free to notice your deposition as well.  Depending on the length of the
deposition, it may be the same day.  However, we have a lot of questions as well.

I also would like to schedule a call with you to discuss the discovery schedule and dates with
you.  Are you available late today, say 6:30pm or tomorrow sometime in the afternoon?

Darius Marzec

On Tue, Aug 12, 2025 at 10:25 AM Blum, Anna (x2027) <[ablum@pbwt.com](mailto:ablum@pbwt.com)> wrote:

> Josh,
>
> In your Friday August 8 email (sent at 6:42 p.m.), you represented that your firm is now in
> contact with Shumaila Arslan.  As you probably aware, your clients were previously instructed