# Marzec Law Firm, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF

August 15, 2025

Honorable Ramón E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Gilead Sciences Inc. et al v. City Plus Care Pharmacy Inc. et al.
>        Case No.: 25-cv-1469 (RER) (RML)

Dear Judge Reyes:

This firm represents Defendants Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively, "Defendants") in the above-referenced action. This letter is in reply and opposition to the letter of Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs" or "Gilead") requesting a pre-motion conference to file a motion to dismiss the counterclaim in Defendants' Amended Answer (Dkt. Doc. 81).

Plaintiffs argue that Defendants' one counterclaim seeking a declaration of noninfringement should be stricken under Rule 12(f) because the claims are redundant mirror images of Defendants' affirmative infringement claim. See Fed. R. Civ. Pr. 12(f) ("court may strike from a pleading . . . any redundant . . . matter"). Defendants object and respectfully request the opportunity to fully brief the Court in opposing Plaintiffs' proposed motion to dismiss.

In examining this issue, courts in this district have cited to two Second Circuit cases: Leach v. Ross Heater & Manufacturing Co., 104 F.2d 88 (2d Cir. 1939) and Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943). In Leach v. Ross Heater & Manufacturing Co., defendant alleged a noninfringement counterclaim. and the district court granted the plaintiff's motion to dismiss the defendant's counterclaim. 104 F.2d at 89. The Second Circuit reversed the district court's decision, and held that the "facts set forth in the counterclaim, if pleaded in a complaint in a suit brought independently and prior to a suit for infringement, would state a case for relief by declaratory judgment." Id. at 91. The Second Circuit went on to state that:

> While it may turn out at trial that a decision on the merits of the plaintiff's [claim] will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage.

104 F.2d at 91-92.

The instant action is similar to Leach as there has been no adjudication on the merits of Plaintiffs' infringement claim and Defendants seeks declaratory judgment of noninfringement that would continue to exist absent a dismissal on the merits of Plaintiffs' infringement claims. It is presently unknown how this case will ultimately proceed and the commencement of this action does not necessarily mean that the controversy between the parties is about to be determined on the merits. Leach, 104 F.2d at 91. Given Defendants' right to seek declaratory judgment of noninfringement, Defendants' declaratory-judgment counterclaim serves a useful purpose and should not be dismissed out of hand. Shunock v. Apple, Inc., 738 F. Supp. 3d 371, 387 (S.D.N.Y. 2024) ("Given the present controversy as to infringement . . . [the] declaratory-judgment counterclaim serves a useful purpose and shall remain in this litigation."); Brookfield Off. Props. Inc. v. Manhattan West Hotel, 2016 U.S. Dist. LEXIS 163657, 2016 WL 6906713, at *5 (S.D.N.Y. 2016) (denying motion to dismiss noninfringement declaratory-judgment counterclaim as mirror image of infringement claims because "if the case were dismissed without prejudice, the defendants would be open to liability in the future"); See Sulzer Mixpac AG v. DXM Co., 2022 U.S. Dist. LEXIS 167059, 2022 WL 4280343, at *7 (S.D.N.Y. 2022) (dismissing counterclaim for declaration of noninfringement because the court granted judgment on the pleadings on plaintiff's infringement claims and therefore "following this Court's judgment on the merits it can face no future threat of trademark infringement").

Accordingly, Defendants respectfully request that Plaintiffs' application to file a motion to dismiss Defendants' counterclaim be denied in its entirety.

Respectfully submitted,

/s/ Jerome Noll

Jerome Noll, Esq.

CC:    Geoffrey Potter, Esq.
        Timothy A. Waters, Esq.
        via ECF