

www.pbwt.com

August 18, 2025

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**Via ECF**

Hon. Ramón E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gilead Sciences Inc. et al. v. City Plus Care Pharmacy Inc. d/b/a Heal the World Pharmacy, et al.*, No. 25-cv-1469 (RER) (RML) (E.D.N.Y.)

Dear Judge Reyes:

      Plaintiffs ("Gilead") respectfully submit this letter in opposition to the Individual Defendants' August 15, 2025 motion to extend discovery, Dkt. No. 86. The Individual Defendants argue that they have shown "good cause" to extend discovery because, under the direction of new counsel, the Individual Defendants have finally complied with their own duty to produce discovery pursuant to this Court's August 6 Order, and are proceeding in good faith. That is false. The Individual Defendants' discovery responses only serve to compound their willful discovery violations, their serial perjury, and their fraud upon this Court.

      As the Court is aware, the Individual Defendants simply ignored Gilead's document demands and interrogatories, forcing Gilead to move to compel. The Court granted that motion on August 6, finding the Individual Defendants had waived their objections and had to make full responses and productions by Sunday, August 17. The Individual Defendants served their interrogatory responses on August 14, and responses to Gilead's document requests and document production on Friday, August 15.

      The Individual Defendants' document production is a farce. In their letter-motion, the Individual Defendants tout that they produced "over 500 pages of documents." Dkt No. 86 at 3. They fail to mention that the vast majority of those documents (Bates ranges CHAUD0039-CHAUD0452 and CHAUD0527-531) are documents that Gilead introduced at the defendants' depositions, such as bank records that *Gilead* obtained through third-party discovery. These are documents that Gilead literally handed to former defense counsel, and that new defense counsel has "produced" back to Gilead – the documents even bear former defense counsel's handwritten notes indicating the deposition exhibit numbers. Nearly all of the remaining produced documents are public records that new counsel obtained from a third-party subpoena to the NYS Board of Pharmacy (Bates range CHAUD0457-CHAUD0526), or already-filed documents in this case that new counsel literally downloaded from ECF and "produced" to Gilead. As far as Gilead can tell, the only "new" documents the Individual Defendants have produced are **14 pages** of records purporting to show the sale of Heal the World Pharmacy.

August 18, 2025
Page 2

      Completely missing from the document production are *any* new electronic communications of any kind.  For example, the Individual Defendants produced **no texts** (other than those previously introduced by Gilead at depositions), despite the fact that the docket in this case is filled with examples of highly relevant text messages.  In their separate, verified responses, each of the Individual Defendants – Qaisar, Nabila, and Hamza – swears that they cannot produce any text messages because Gilead seized each of their phones.  Exs. 1-3 at 6.  But Qaisar and Nabila were not even present at the seizure, and their phones were never touched.  And while Hamza was present, his phone was forensically copied on the spot and handed back to him before the seizure ended; it was never even removed from the pharmacy.  (And, of course, at deposition, Hamza claimed, in the obviously perjurious testimony that Gilead replayed in open court, that the phone copied at the seizure was not his phone.)

      The Individual Defendants also produced **no emails**, including from what appears to be the main email address used by the pharmacy and the Individual Defendants citypluscare@gmail.com (former counsel said that *during the course of this litigation* he emailed with the Individual Defendants exclusively at that address).  The Individual Defendants remain in willful contempt of this Court's order to turn over that email address, Dkt. No. 66, and have now compounded the prejudice by failing to produce any emails in discovery, all while maintaining they have fully complied with all discovery requests.

      The Individual Defendants' interrogatory responses, verified under oath, also contain obvious lies.  For example, Qaiser and Nabila Chaudhary swear that they cannot provide any information about their bank accounts in Pakistan, even their account numbers, Ex. 4 at 4; Ex. 6 at 4 (refusing to provide account numbers for accounts at MCB Bank and Pakistan Islamabad Silkbank).  They claim they cannot provide any documents regarding these accounts "because the relevant accounts are frozen."  Exs. 1-3 at 6 (responding to request 14).  But the Pakistani accounts are not frozen: Gilead has never served the Asset Freeze Order on those banks (because this Court has no jurisdiction over them), and if there were any doubt, Qaisar Chaundry testified at his deposition that they are not frozen.  Ex. 7 at 313:25-314:10.  And even if they were frozen, the idea that the Chaudharys are completely unable to even learn their own bank account numbers, when they were consistently moving tens of thousands of dollars a month from those accounts into the United States until the day their U.S. accounts were frozen, is ludicrous.  The Individual Defendants have clearly lied in their interrogatories in support of their ongoing contempt of this Court's order requiring them to deposit the funds contained in their overseas accounts with the Clerk of the Court.  Dkt No. 67.

      As another example, Hamza Chaudhary identifies in his interrogatory responses Martin Jacob, the Supervising Pharmacist at Heal the World, as the individual knowledgeable about the pharmacy's dispensing of Gilead-branded medicines – but claims to have no contact information for Mr. Jacob: "I had his telephone number but I no longer have it because my phone was seized from me during the seizure in this case."  Ex. 5 at 5.  Again, Hamza's phone was copied and returned to him in a matter of hours.  But worse than that, Gilead knows from third-party discovery that **after this case was filed, Hamza texted with Mr. Jacob repeatedly, openly engaging in the destruction of documents and witness tampering.**  Ex. 8 at 0072-78.

August 18, 2025
Page 3

      For example, in these texts, Hamza told Mr. Jacob to delete relevant documents: "Make sure delete our chat and Devi's." Ex. 8 at 00072. He also told Mr. Jacob to ensure several other pharmacy employees also destroyed documents: "Any other techs chats delete also[:] Brianna[,] Janice[,] Rebecca[,] Gem[,] Essence." *Id.* In his interrogatory responses, Hamza lied and said he did not have the contact information for any pharmacy employee. Ex. 5 at 6. He provided a list of first names – none of which matched the names of the techs he listed in his text with Mr. Jacob.

      Hamza also instructed Mr. Jacob via text to lie to any lawyers who might call him – including Hamza's own counsel: "Anything they show you old email, say it's old don't remember"; "They ask anything else don't know[.] Say 'idk' [i.e., I don't know.] If they ask if I work say 'idk' Don't mention other pharmacies." Ex. 8 at 00075-76. Hamza instructed Mr. Jacob to claim that "other pharmacists" were responsible for ordering medicines for the pharmacy, and to claim that those were "floater" pharmacists whose names he didn't know. *Id.* ("Other pharmacist have been working[.]. Floaters[.] Don't know their names[.] They order[.]") Several days later, Hamza peddled that same ridiculous story – that Gilead medicines were ordered by "floater" pharmacists whom Hamza could not identify, and were known only to the pharmacy's now-dead owner – at his deposition. Ex. 9 at 47:7-50:23, 80:13-82:3.

      In sum, in response to Gilead's discovery demands, the Individual Defendants produced virtually no documents, lied about and concealed their overseas assets, lied about their access to emails and text messages, lied about their knowledge of other pharmacy employees, and intentionally withheld obviously responsive documents, including communications involving witness tampering and intentional spoliation. The idea that they have acted in good faith and shown "good cause" for an extension of the discovery period is absurd.

      With the exception of a third-party deposition scheduled for tomorrow, discovery is over. The Individual Defendants' contempt of this Courts' orders, willful violations of discovery obligations, and litigation fraud have all continued unabated. Gilead's next step is to move for case-ending sanctions against the Individual Defendants under Rule 37 and this Court's inherent authority to sanction fraud upon the Court. Gilead is confident that motion will bring this litigation to its conclusion.

      There is more to say about the Defendants' discovery failures and sanctionable behavior than will fit in the confines of this letter. If the Court has any doubts about whether discovery should be extended, Gilead respectfully requests the opportunity to orally address the Court.

      Respectfully submitted,

      */s/ Timothy A. Waters*

      Timothy A. Waters