# Marzec Law Firm, P.C.

**Darius A. Marzec Is Licensed To Practice Law In: New York**
**New Jersey • Connecticut • Massachusetts • Pennsylvania**
**Washington, D.C. • Illinois • Florida • California • Hawaii**

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

**Via ECF**

August 18, 2025

Honorable Ramón E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>Gilead Sciences Inc. et al v. City Plus Care Pharmacy Inc. et al.</u>
Case No.: 25-cv-1469 (RER) (RML)

Dear Judge Reyes:

This firm represents Defendants Nabila Chaudhary, Qaiser Chaudhary and Hamza Chaudhary (collectively, "Defendants") in the above-referenced action. We write in response to Gilead's letter of earlier today. The Defendants respectfully request an opportunity to submit this additional letter as a response to Dkt. #87 replying to the opposition to the Defendants' motion to extend discovery and Plaintiffs' request to quash deposition notice.

Plaintiffs did not seek to meet and confer about the sufficiency of Defendants' responses before writing to the Court earlier today.

Since appearing in this case a few weeks ago, the undersigned firm, first and foremost, sought to ensure compliance with the Orders of the Court and to finish discovery. Given the short time left to complete fact discovery, and given the relevant procedural history of this case involving multiple changes of counsel for Defendants, it was not reasonably possible to finish discovery in this short time. Moreover, Defendants would be severely handicapped in the defense of this case should Plaintiffs be allowed not to respond to their discovery demands. As such, we ask for slightly more than a month to finish discovery.

There is no prejudice that would flow to Plaintiffs with a short extension. The response to the interrogatories was made after, among other things, meeting each individual defendant in person in our office over a course of two days, followed by additional conferences by telephone. Defendants provided the available documents and the specific explanation as to their search and attempted retrieval of documents responsive to demands. For example, Mr. Hamza Chaudhary maintains that he has had no access to the pharmacy email address after he ceased working for the pharmacy and cannot now obtain these emails.

Tomorrow, August 19, 2025, Defendants are deposing subpoenaed witness Shumaila Arslan, the individual that has owned the pharmacy since January 22, 2022. She is also subject to a duces tecum subpoena seeking document production, including emails. While we do not know what documents she will produce tomorrow, her contact information was also provided to the Plaintiffs' counsel, who are not without remedies and can or could have subpoenaed her for information and documents just

like the undersigned Firm did. Moreover, Plaintiffs will have an opportunity to cross-examine her tomorrow.

While we understand that Plaintiffs disagree with the extent of the appropriate document production and interrogatory responses, the undersigned's office has gone to great lengths to provide a good faith response, as complete as possible under the circumstances. Some of the alleged inconsistencies between the alleged text messages with the third party as well as any deposition testimony is more appropriate for the cross-examination at trial and for the finder of fact's determination. At minimum, there is a factual dispute concerning Mr. Hamza Chaudhary's access to the phone or email records. While we understand that Plaintiffs would like to skip regular process pursuing their claims herein, the process afforded by the FRCP and other law is essential in this David and Goliath conflict.

Neither is producing documents that may be in Plaintiffs' possession inappropriate if they are responsive to demands. While Defendants have not produced account numbers for certain Pakistani accounts, as they maintain that they do not have that information available here, they maintain that they are actively seeking to obtain the account information. When and if this office receives the account information, interrogatory responses will be amended. Not disclosing a rarely used foreign account number due to not having the account number readily available does not necessarily equal "concealment of overseas assets". Accusing Defendants of "engaging in destruction of documents and witness tampering" is a serious allegation that is not taken lightly by this office. However, Plaintiffs had the opportunity to question Defendants concerning certain messages and to obtain an explanation as to their authenticity, context and substance. If Plaintiffs did not obtain those messages before Plaintiffs took the Defendants' prior depositions, Plaintiffs could have sought to reopen those depositions. Alternatively, Plaintiffs may cross-examine the Defendants on the stand during the trial of this action.

Disagreements concerning the sufficiency of the response on the merits and possible alleged "witness impeachment material" referred to in counsel's letter do not undermine the request for good cause shown for a short extension of fact discovery.

For these reasons, a short extension of fact discovery should be ordered. Plaintiffs should be compelled to appear at deposition. We would like a conference to further address these matters.

Respectfully submitted,

*/s/ Darius A. Marzec*

Darius A. Marzec, Esq.

CC:   Geoffrey Potter, Esq.
      Timothy A. Waters, Esq.
      via ECF