# EXHIBIT C

Case 1:25-cv-01469-RER-RML   Document 90-3   Filed 09/05/25   Page 1 of 5 PageID #: 1457

1

```
                    UNITED STATES DISTRICT COURT
 1                  EASTERN DISTRICT OF NEW YORK
 2
 3   - - - - - - - - - - - - - - - X
 4   GILEAD SCIENCES, INC.,         :
                                            25-CV-1469(RER)
 5             Plaintiff,           :
 6             -against-            :     United States Courthouse
                                          Brooklyn, New York
 7   CITY PLUS CARE PHARMACY        :
     INC., et al.,
 8                                        May 21, 2025
               Defendants.          :     11:00 o'clock a.m.
 9
10   - - - - - - - - - - - - - - - X

11           TRANSCRIPT OF ORDER TO SHOW CAUSE
           BEFORE THE HONORABLE RAMON E. REYES, JR.
12               UNITED STATES DISTRICT JUDGE.

13
     APPEARANCES:
14
     For the Plaintiff:           PATTERSON BELKNAP WEBB
15                                    & TYLER LLP
                                  1133 Avenue of the Americas
16                                New York, NY 10036

17                                BY: TIMOTHY A. WATERS, ESQ.

18
     For Deft. City Plus:         TRENK ISABEL SIDDIQI
19                                 & SHAHDANIAN, PC
                                  290 West Mount Pleasant Avenue
20                                Suite 2370
                                  Livingston, New Jersey  07039
21
                                  BY: SATISH V. POONDI, ESQ.
22
     For Defts. Nabila, Qaiser
23   And Hamza Chaudhary:         FRIER LEVITT LLC
                                  101 Greenwich Street, Suite 8B
24                                New York, New York  10006

25                                BY:  MATTHEW MODAFFERI, ESQ.
```

CMH       OCR       RMR       CRR       FCRR

35

1  hearing as to the current defendants. And in that, I have the
2  right to seek actual damages, lost profits or statutory
3  damages and based on the record I have right now, I got
4  statutory damages. That's what it's made for, counterfeit
5  cases like this.
6         THE COURT: Okay. Thank you, Mr. Waters.
7         Mr. Poondi, did you want to raise anything?
8         MR. POONDI: I have nothing to add at this time,
9  Your Honor. Again, we're kind of limited in what we're able
10 to say because we don't have the information.
11        THE COURT: Mr. Modafferi?
12        MR. MODAFFERI: Your Honor, just two things.
13        One is, you know, and I don't think this comes as a
14 surprise, there's evidence before the Court that my clients
15 may have owned this pharmacy up until a month or so ago.
16 There also is evidence before the Court that they are not the
17 owners and what we've learned was there's a Sharmalaya Arslan
18 and an Abdul Sheikh, these two other individuals.
19        All I will say as far as optics go, and I don't know
20 the answer to that question, who is the owner, who's operating
21 it, I think we spoke about this the last time, but these three
22 individuals have been present and showing face with respect to
23 the allegations whereas the other two have skipped town. To
24 me, that's telling. Again, evidence is evidence, but I'll
25 just leave that for all the folks here because to me, that

1  rings quite strongly.

2          The other thing I would just want to end with is
3  kind of where I started because my client put it on my notepad
4  and I'm looking at it.  It says zero money for food.

5          So, again, I just want to reiterate that equitable
6  argument that I understand every single U.S. bank account that
7  they have or the pharmacy has is currently frozen, but from an
8  equitable and humane standpoint, I would just ask the Court
9  that one account --

10          THE COURT:  But the problem is they haven't done any
11  accounting of what they need.  You've given me old bills and,
12  you know, stuff that is not food.

13          MR. MODAFFERI:  I understand, Your Honor.

14          THE COURT:  And it goes to the equity argument also.
15  To get equity, you have to do equity.  Right?  You've got to
16  come to the Court with clean hands, you have to cooperate, and
17  there has been zero cooperation to this point.

18          MR. MODAFFERI:  Your Honor, all can I do is share
19  what my experience has been thus far and I heeded Your Honor's
20  instruction last time and I said before I make this
21  application to the Court, I need bills, I need invoices, I
22  need something to show Judge Reyes.

23          What I'm hearing from my clients is they don't
24  actually use credit cards so I don't have a credit card bill
25  to show Your Honor.  I do have an IRS bill which I can provide

1  to the Court but, you know, I don't, I don't have the bills,
2  the invoices to provide Your Honor with evidence.
3         I'll circle back with my clients but I'm just the
4  mouthpiece for, again, what I'm staring at on my notepad which
5  is zero money for food.
6         MR. WATERS:  Your Honor, my only point on that again
7  is we've stipulated, the Court has ordered that any motion to
8  amend the asset freeze must be on notice.  I'm happy to have
9  discussions, meet and confer before that.  I just don't want
10 to have another emergency motion.
11        THE COURT:  I think the asset freeze is sort of
12 irrelevant right now since all the money is going to be put
13 into the court.
14        MR. WATERS:  Sure, but if they make a motion to have
15 some money released --
16        THE COURT:  It has to be on notice.
17        MR. WATERS:  Thank you, Your Honor.
18        THE COURT:  All right.  What are you going to get me
19 by the end of the day, Mr. Waters?
20        MR. WATERS:  I have on my list, Your Honor, a
21 proposed order with regard to the asset freeze and the
22 transfer of money into the court, as well as a proposed order
23 with regard to the e-mail address and giving us access to it.
24        If Your Honor would also like a proposed preliminary
25 injunction, I'm happy to add that to the list.