UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

                Plaintiffs,

v.

CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY, *et al.*,

                Defendants.

Case No. 25-cv-1469 (RER) (RML)

---

## **DECLARATION OF JAMAR HAYWOOD**

JAMAR HAYWOD, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a managing director at K2 Integrity ("K2") in K2's Cyber Forensics and eDiscovery group. I have over two decades of experience in legal technology, including in eDiscovery and in data forensics.

2. K2 was retained by Patterson Belknap Webb & Tyler LLP on behalf of Gilead Sciences, Inc. in connection with this action.

3. On March 19, 2025, I attended the execution of this Court's Seizure Order at the premises of City Plus Care Pharmacy, Inc. d/b/a Heal the World Pharmacy (the "Pharmacy."). I was present throughout the duration of the seizure.

4. The only Pharmacy employee present when I arrived at the Pharmacy was Defendant Hamza Chaudhary. He remained the only Pharmacy employee at the premises throughout the execution of the seizure.

5. At the outset of the seizure, I saw Defendant Hamza Chaudhary using a cell phone. Investigators from K2 asked Mr. Chaudhary if the cell phone he was using was his. Mr. Chaudhary confirmed that the phone belonged to him. After being shown the Seizure Order, Mr. Chaudhary unlocked his phone and handed it over for copying.

6. The K2 forensic team took Mr. Chaudhary's phone, connected it to equipment that forensically copies the content of the phone, and returned the phone to Mr. Chaudhary after they copying process was complete, a few hours later.

7. After the phone was returned, Mr. Chaudhary repeatedly used the phone in front of me as well as others present at the seizure: Gilead's counsel, others from K2, and officers from the New York County Sheriff's Office. I saw Mr. Chaudhary use his phone for the latter half of the seizure.

8. I am familiar with the process used to copy Mr. Chaudhary's phone. Only files that were locally stored on Mr. Chaudhary's phone were copied. Files stored in cloud-based apps or accounts (such as email accounts and their contents) were not copied. However, screenshots, which were saved locally to Mr. Chaudhary's photos, were copied.

9. I reviewed two screenshots copied from Mr. Chaudhary's phone, and the corresponding metadata for these screenshots, which allows me to see the date and time the screenshots were taken.

10. Using standard data forensic techniques, the metadata for the screenshot attached as Exhibit A was extracted, which is a screenshot of an email regarding a flight to Pakistan. That metadata is attached as Exhibit B, with the date and time of the screenshot in yellow highlighting. The metadata shows that the screenshot at Exhibit A was taken on November 2, 2024 at 9:36 a.m.

11. Using standard data forensic techniques, the metadata for the screenshot attached as Exhibit C was extracted, which is a screenshot of the phone settings page for the Gmail account citypluscare@gmail.com. That metadata is attached as Exhibit D, with the date and time of the screenshot in yellow highlighting. The metadata shows that the screenshot at Exhibit B was taken on March 20, 2024 at 2:40 p.m

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: November 21, 2025

New York, New York

_____
Jamar Haywood