UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>                  Plaintiffs,<br><br>        -against-<br><br><br>CITY PLUS CARE PHARMACY INC. D/B/A HEAL THE WORLD PHARMACY; NABILA CHAUDHARY; QAISER CHAUDHARY; and HAMZA CHAUDHARY<br>                  Defendants. | Case No. 1:25-cv-01469-RER-RML<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CITY PLUS CARE PHARMACY INC. d/b/a HEAL THE WORLD PHARMACY** |

## Introduction

Lauren B. Lepore and Lepore Law Group, respectfully move the Court for an order permitting her withdrawal as counsel of record for Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy. Grounds for this motion include an inability to reach the client despite diligent efforts, a breakdown in communications that prevents effective representation, and the client's failure to pay outstanding invoices. Counsel further states that this motion is made in good faith and not for purposes of delay, and seeks such further relief as the Court deems just and proper.

## Statement of Facts

On January 12, 2026, the undersigned filed an Appearance of Counsel in this action on behalf of Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy in the United States District Court for the Eastern District of New York, Case No. 1:25-cv-01469-RER-RML.

Since filing the appearance, counsel has experienced the following issues with the client: (a) persistent inability to reach the client through customary communication channels despite reasonable, repeated attempts; (b) a material breakdown in

1

communications that has rendered continued representation unreasonably difficult; and (c) failure by the client to pay outstanding invoices for legal services, notwithstanding notices provided by counsel.

These issues have impaired counsel's ability to provide effective representation consistent with professional obligations.

Indeed, the last contact the undersigned had with the client was telephonically on February 27, 2026, and since that time, the client has not responded to any email correspondence or the numerous subsequent attempts to reach the client via telephone in throughout March of 2026. The undersigned also sent email correspondence to the client on March 24, 2026, advising the client that, in the absence of contact, the undersigned offices would have to terminate their representation. Despite these efforts, Defendant's principal has not reached out to the undersigned counsel.

In addition, upon information and belief, Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy has been sold from our client to new owners, none of whom have engaged this firm for representation in this matter.

Counsel will promptly serve this motion and any resulting order on the client at the client's last known addresses and contact points and will, upon request, provide the Court in camera with last known contact information for the client. Counsel further stands ready to facilitate an orderly transition, including the transfer of the client's file upon request, subject to any applicable lien or retention rights.

### Legal Basis for Withdrawal

Continued representation has been rendered unreasonably difficult by the breakdown in communications, the client's inaccessibility, and the client's nonpayment of

2

invoices, creating an irreconcilable issue regarding the engagement. The New York Professional Rules of Conduct ("NYRPC") 1.16(7) provides that a "lawyer may withdraw from representing a client when the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively". *See also* Local Civil Rule 1.4 (b) of the Joint Local Rules, S.D.N.Y. and E.D.N.Y.

It is well settled that "a breakdown in attorney-client relationship provides sufficient grounds to grant a motion to withdraw." *Guma v. City of Long Beach*, 2025 U.S. Dist. LEXIS 261152, *3 (E.D.N.Y Dec. 17, 2025) (*citing Papadatos v. Home Depot U.S.A., Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022); *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20 CV 6813 (VB), 2024 WL 4707937, at *3 (S.D.N.Y. Nov. 7, 2024) (deteriorated relationship presents "irreconcilable differences" that warrants withdrawal); *Coreas v. Angeles Beauty Salon Inc.*, No. 25-CV-00604 (GRB) (JMW), 2025 WL 2308862, at *2 (E.D.N.Y. July 7, 2025) (same)).

In addition, [s]atisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. Nov 13, 2014). (*citing Naguib v. Pub. Health Solutions*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077 (PAC) (GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York*, No. 04-CV-1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008); *Fischer v. Biman Bangladesh Airlines,*

3

No. 96-CV-3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.")).

As set forth above, Defendant's principal has not cooperated with counsel despite repeated attempts to obtain additional and pertinent information from the client in order to prepare an effective defense or participate in more collaborative resolutions to the Plaintiff's case.

In accordance with Local Civil Rule 1.4 (b), as a matter of procedure, Plaintiff Gilead Sciences, Inc., has moved for case-ending sanctions against the Individual Defendants Qaiser Chaudhary, Nabila Chaudhary, and Hamza Chaudhary, and the grant of the undersigned's application will not prejudice the rights of either of these parties. Moreover, a default judgment was entered against Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy prior to the entry of the undersigned into the case docket, the provenance of which remains undisturbed.

In light of these circumstances, good cause exists for withdrawal. Counsel's withdrawal will not unduly prejudice any party or unduly delay the proceedings, and counsel seeks leave of Court in accordance with applicable rules. To the extent necessary, counsel can provide additional detail to the Court ex parte or in camera to protect client confidences.

### Request for Limited Release of Frozen Business Funds to Satisfy Outstanding Legal Fees

In addition to the above, the undersigned respectfully requests that the Court authorize a limited, narrowly tailored release of funds from Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy's frozen business accounts, solely for the

4

purpose of satisfying reasonable attorneys' fees and expenses already incurred by counsel in this action, in an amount to be determined by the Court following submission of billing records for in camera review or such other procedure as the Court deems appropriate. Counsel's motion to withdraw is predicated, inter alia, on the client's failure to pay outstanding invoices for legal services, notwithstanding notices provided by counsel.

This request is limited to fees and costs already incurred and is not sought to fund future representation and the firm is not asserting either a retaining lien or a charging lien; rather, it is made to equitably resolve accrued obligations in light of the breakdown in communications and the nonpayment necessitating withdrawal. The grounds for withdrawal include the client's failure to pay outstanding invoices, a persistent inability to reach the client despite reasonable, repeated attempts, and a material breakdown in communications that has rendered continued representation unreasonably difficult. Moreover, upon information and belief, the principal of the Defendant entity has sold the business to a third party that is not represented by the undersigned.

It is well settled that, because the Court may freeze personal assets, the Court also has discretion to release some of those frozen assets for the payment of reasonable attorney's fees. *S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001); *CFTC v. Am. Metals Exch. Corp.*, 991 F.2d 71, 79 (3d Cir. 1993) (stating the decision to release frozen funds to pay attorney's fees "is entrusted to the discretion of the district court"). Although the primary purpose of freezing assets is to facilitate compensation to victims, "the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." *Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d at 429. "The touchstone of the Court's inquiry is

equity." *S.E.C. v. Stein*, No. 07- CIV-3125 (GEL), 2009 U.S. Dist. LEXIS 134285, at *2 (S.D.N.Y. Apr. 30, 2009).

The Court has discretion to permit a measured carve-out from restrained assets for payment of reasonable fees where, as here, counsel's work was performed for the client entity whose accounts are subject to restraint, which accounts were owned by the principal at the time the underlying services were rendered, and where withdrawal is compelled by nonpayment. Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy is the client entity for which the undersigned appeared on January 12, 2026, and for which the legal services at issue were rendered.

To ensure appropriate safeguards, counsel proposes the following procedures: (a) submission of contemporaneous time records and expenses to the Court for in camera review; (b) a Court-determined reasonable fee award limited to services rendered through March 31, 2026; (c) direction that the restrained financial institution(s) release only the Court-approved amount to counsel in satisfaction of the award; and (d) a finding that such release is without prejudice to any party's rights or claims as to the remaining restrained funds.

In the alternative, should the Court prefer, counsel requests that the Court adjudicate the reasonableness of fees upon withdrawal and enter an order recognizing counsel's charging lien and authorizing payment from the frozen accounts in the Court-approved amount, with implementation stayed for thirty (30) days to allow any party to be heard.

This limited relief is sought in good faith, is ancillary to the motion to withdraw based on nonpayment, and is designed to prevent undue prejudice to undersigned counsel

while preserving all parties' substantive rights as to the balance of the restrained assets. Counsel makes this motion in good faith and not for purposes of delay and seeks such further relief as the Court deems just and proper.

## Conclusion

For the foregoing reasons, counsel respectfully requests that the Court enter an order: (a) granting this Motion to Withdraw as Counsel; (b) relieving Lauren B. Lepore, Esq., and Lepore Law Group as counsel of record for Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy; (c) directing that all future notices and filings be served directly on Defendant at its last known address unless and until substitute counsel appears; (d) directing the release of funds from Defendant City Plus Care Pharmacy Inc. d/b/a Heal The World Pharmacy's frozen business accounts to pay reasonable attorneys' fees incurred by Lepore Law Group to the date of this application and (e) granting such other and further relief as the Court deems just and proper.

Dated: April 17, 2026
New York, New York

Respectfully submitted,

Lauren B. Lepore (Bar No. 4246633)
Lepore Law Group
370 Lexington Avenue
New York, New York 10017
Tel: (646) 632-3787
Email: llepore@leporelawgroup.com
*Attorneys for Defendant City Plus Care Pharmacy Inc.*
*d/b/a Heal The World Pharmacy*